[No. 4536.]

ANDREW HIMMELMANN *v.* JOHN SATTERLEE AND THE HIBERNIA SAVINGS AND LOAN SOCIETY.

MACADAMIZING A STREET.—In San Francisco, the macadamizing of a street and the construction of sidewalks, are different kinds of work, and when a street is ordered to be macadamized, it is meant that the roadway only is to be improved.

CONTRACT FOR IMPROVING A STREET.—Under a resolution of intention to macadamize and curb a street, the Board of Supervisors of San Francisco do not acquire jurisdiction to order work to be performed on a sidewalk; and if the notice for sealed proposals calls for work also to be done on the sidewalks, the contract following the notice is void unless the work done on the sidewalks can be separated from that done on the roadway.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action to enforce a lien on lots for an assessment levied for improving Washington street from Van Ness avenue to Polk street. The notice for sealed proposals invited proposals for doing the following work:

"For macadamizing Washington street, from Van Ness avenue to Polk street, and for curbing the same with redwood curbs. The roadway of the above-named portion of Washington street is to be covered to the depth of six inches, and the sidewalks to the depth of four inches with clay. It is then to be macadamized with hard rock; said rock is to be well broken and rolled down with a roller of at least two thousand pounds in weight, and when completed, to conform to the official height and line, and to have a proper crown to the centre, and the macadam to be not less than ten inches in depth on the roadway and four inches in depth on the sidewalks, after rolling the same."

The contract was let and the work was performed under the notice. The court rendered judgment for the plaintiff, and the defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*D. H. Whittemore*, for the Appellants.

The advertisement for sealed proposals called for more work than the board obtained jurisdiction to do under the resolution of intention. The resolution of intention was to macadamize Washington street, and the notice for sealed proposals called for work on the sidewalks.

*J. C. Bates*, for the Respondent.

A street, as we understand it in cities, consists of two parts —the roadway for teams, vehicles, etc., and the sidewalks for pedestrians. If that part of a street where sidewalks are usually constructed was not ordered improved by the board, and the notice for bids included more work than was ordered, to wit, sidewalks, that this fact does not vitiate the assessment at all, even if included in contract and assessment, is conclusively answered by these cases: *Beaudry* v. *Valdez*, 32 Cal. 276; *Emery* v. *S. F. Gas Co.*, 28 Cal. 376–379; *Chambers* v. *Satterlee*, 40 Cal. 497; *Himmelmann* v. *Hoadley*, 44 Cal. 279.

By the Court, RHODES, J.:

The only point which requires notice relates to the work on the sidewalks. The resolution of intention was, "That Washington street, from Van Ness avenue to Polk street, be macadamized and curbed with redwood curbs." In the notice inviting sealed proposals for doing the work, there is added work in macadamizing the sidewalks. The macadamizing of a street and the construction of sidewalks are different kinds of work, and are so designated in the statute. (See *Beaudry* v. *Valdez*, 32 Cal. 276.) When a street is ordered to be macadamized, it is meant that the roadway only is to be improved. That is the usual acceptation of the term *macadamize*, when applied to street work, and in that sense it is employed in the statute. The board did not, by their resolution of intention, acquire jurisdiction to order work to be performed on the sidewalks, and the contract is void unless the work on the sidewalks can be separated from that performed on the roadway. The plaintiff states, in his brief, that the whole street is of the width of sixty-eight and nine-twelfths feet, and that, of that space, the sidewalks occupy thirty feet; but we are not referred to any portion of the record before us which shows the width of the sidewalks.

Judgment and order reversed and cause remanded for a new trial.