[No. 5450.]

## J. S. DYER v. J. E. CHASE ET AL.

IMPROVING STREET.—A resolution of intention to curb and macadamize a street, does not include the sidewalk.

DEMAND FOR PAYMENT OF ASSESSMENT.—A demand for the payment of an assessment levied on a lot for improving a street in a city must be for the amount which is properly chargeable against the lot; and if the assessment is for improving roadway and sidewalk both, and the lot is chargeable only with the cost of improving the roadway, the demand must be for such sum.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

· Action to enforce a lien on a lot for the improvement of a street in San Francisco.

The assessment levied on the lot included the cost of improving both the roadway and sidewalks. The gross sum was three hundred and twelve dollars and two cents, and of this sum only one hundred and eighty-eight dollars and twenty-three cents was the cost of improving the roadway. The assessment did not separate the cost of the roadway from the sidewalks. The plaintiff demanded the payment of three hundred and twelve

dollars and two cents. The defendant appealed. The other facts are 'stated in the opinion.

*M. A. Edmonds* and *L. Reynolds*, for the Appellants.

The Court has no power to correct assessments. " It is impossible to distinguish between that part of a tax which might have been rightly assessed, and that for which no authority is given, so that the assessment should be valid for one part and void for another." (*Libby* v. *Burnham*, 15 Mass. 147 ; *Stetson* v. *Kempton*, 13 Ibid. 283 ; *Hardenburgh* v. *Kidd*, 10 Cal. 402 ; *Bucknall* v. *Story*, 36 Ibid. 72, 73 ; *Huse* v. *Merriam*, 2 Greenl. 376, 377 ; *Joyner* v. *Egremont*, 3 Cush. 567.)

*J. M. Wood*, for the Respondent.

As to the divisibility and apportionment of the contract and assessment, the case of *Beaudry* v. *Valdez*, 32 Cal. 276, is authority. See, also, *Chambers* v. *Satterlee*, 40 Cal. 528 ; *Himmelman* v. *Hoadley*, 44 Cal. 279.)

By the COURT :

The resolution of intention described the proposed work as follows : " That Vallejo Street from Polk to Gough Street (except the crossing of Van Ness Avenue and Vallejo Street) be macadamized and curbed with redwood curbs." The specifications and the contract for the doing of the work included the macadamizing of the sidewalks as well as the roadway. The resolution does not include work on the sidewalks, but is limited to that to be done to the roadway. (*Himmelman* v. *Satterlee*, 50 Cal. 68.) The Court found the cost of the work on the roadway and that on the sidewalk separately, and, deducting the latter from the whole assessment, gave judgment for the remainder, as for the cost of the work on the roadway. But the demand made by the plaintiff was for the whole assessment, and not for the portion thereof which would be chargeable for the work on the roadway. The plaintiff is not entitled to a recov-

ery, unless he proves a demand for the amount legally due for the work.

Judgment and order reversed, and cause remanded for a new trial.