[No.-7,159.—Department Two.]
March 27, 1882.

E. DONNELLY v. THOMAS B. HOWARD ET AL.

STREET ASSESSMENT DEMAND—RESOLUTION OF INTENTION—ADVERTISEMENT
FOR PROPOSALS—APPEAL TO SUPERVISORS.—In an action to enforce a
lien for a street assessment in San Francisco, the defense was, that there
was included in the assessment as well as in the demand, a charge of four-
teen cents per front foot for work done which was not authorized by the
resolution of intention, nor the invitation for sealed proposals.

*Held:* The defense was good, and was not affected by a failure of the par-
ties aggrieved to appeal to the Board of Supervisors.

APPEAL by the plaintiff from a judgment for defendants,
Thomas B. Howard and Mary T. B. Howard, and from an
order denying a new trial in the Third District Court of the
City and County of San Francisco. THORNTON, J.

*J. M. Wood*, for Appellant.

If the defendants had objected to the charge for the curbs
as an improper one in the assessment, the Board had full
power to have it corrected in that respect upon appeal.

This Court has held in similar cases that such appeal is
the exclusive remedy. (*Chambers* v. *Satterlee*, 40 Cal. 519;
*Creighton* v. *Pragg*, 21 id. 120; *Conlin* v. *Seaman*, 22 id. 548;
*Emery* v. *Bradford*, 29 id. 85–87; *Taylor* v. *Palmer*, 31 id.
256; *Beaudry* v. *Valdez*, 32 id. 278; *Nolan* v. *Reese*, 32 id.
487; *Shepard* v. *McNeil*, 38 id. 74; *Barber* v. *San Francisco*,
42 id. 633; *Himmelmann* v. *Hoadley*, 44 id. 279; *Dorland* v.
*McGlynn*, 47 id. 50; *Oakland Pav. Co.* v. *Rier*, 52 id. 276–7.)

*Jarboe & Harrison*, for Respondents.

By including in the assessment the expenses of doing cer-
tain work which the Board of Supervisors had never ordered,
no lien was created upon the land described in the complaint.
(*Himmelmann* v. *Satterlee*, 50 Cal. 68; *Dyer* v. *Chase*, 52 id.
440; *Schumacher* v. *Toberman*, 56 id. 508; *Beaudry* v. *Valdez*,
32 id. 276.)

The COURT:

Action to enforce a lien for a street assessment in San

Francisco. The defense is that there was included in the assessment, as well as in the demand, a charge of fourteen cents per front foot, amounting in the aggregate to sixteen dollars and eighty cents, for work done which was not authorized by the resolution of intention or the invitation for sealed proposals. The plaintiff meets this defense by the argument that it was the duty of the defendant to appeal to the Board of Supervisors, *and that was his only remedy.* We do not think so. It was held in *Dyer* v. *Chase,* 52 Cal. 440, that the demand must be for the amount properly chargeable against the lot. The Court there say that "the plaintiff is not entitled to recover unless he proves a demand for the amount legally due for the work," and that case was followed by this Court in *Schirmer* v. *Hoyt,* 54 Cal. 280.

We see no reason to depart from the rule there laid down. Judgment and order affirmed.