[No. 7,524. Department Two.—March 20, 1885.]

M. BURK, RESPONDENT, v. L. ALTSCHUL, APPELLANT.

STREET ASSESSMENT—COST OF PRINTING.—An assessment for a street improvement in the city and county of San Francisco, under the act of April 1, 1872, is not invalidated by including therein the cost of printing.

ID.—MACADAMIZING STREET.—ROCK GUTTER-WAYS.—Section 3 of the act authorizes the board of supervisors, when a street is ordered to be macadamized, to require the construction of rock gutter-ways.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to foreclose a street assessment in the city and county of San Francisco, for work done under the act of April 1, 1872. The further facts are stated in the opinion of the court.

*J. C. Bates*, for Appellant.

The item for printing was not allowable under the statute, as the printing was not incident to awarding the work, or a necessary expense of the scheme devised for street assessment. (*In re Merriam*, 84 N. Y. 607; *In re Lowden*, 89 N. Y. 553; *St. Paul* v. *Mellin*, 27 Minn. 78.) The board of supervisors had no authority to order rock gutter-ways. The kind of work authorized is defined and limited by the statute. (Statute April 1, 1872; *Emery* v. *San Francisco Gas Co.*, 28 Cal. 345; *Nic. Pav. Co.* v. *Painter*, 35 Cal. 705; *Harney* v. *Heller*, 47 Cal. 17; *In re N. Y. P. E. P. S.*, 75 N. Y. 328.) The word "necessary"

does not include any kind of paving the board may order. Nor can the board pave a street under a resolution to macadamize. (*Beaudry* v. *Valdez*, 32 Cal. 269 ; *Himmelman* v. *Satterlee*, 50 Cal. 69.)

*J. M. Wood,* for Respondent.

The inclusion of the item for printing did not invalidate the assessment. (*Dorland* v. *Bernal*, 4 W. C. Rep. 381.) The ordering of rock gutter-ways was authorized by the statute. (Act of April 1, 1872, § 3.)

The COURT.—This is a street assessment case. The first point presented, that an item of forty dollars for printing was included in the assessment, has been repeatedly passed upon by this court, adversely to the appellant.

The second point is, that the board of supervisors, when a street was ordered to be macadamized, had not power, under the act of April 1, 1872 (Stats. 1871–2, p. 804), to order the construction of rock gutter-ways. By section 3 of the act, the board was authorized to order the street to be macadamized, " and to order any other work to be done which shall be necessary to make and complete the whole or any portion of said streets," etc. We think it was competent for the board to determine that rock gutter-ways were necessary to complete the macadamizing of the street. The only substantial difference between the two methods seems to be, that in constructing the gutter-ways, the rock was to be hand-laid instead of being spread, as in macadamizing. Doubtless the board deemed this process necessary, in order to protect the work from washing.

Judgment and order affirmed.