| 97  | 305 |
| 97  | 317 |
| 97  | 305 |
| 99  | 523 |
| 97  | 305 |
| 103 | 58  |
| 97  | 305 |
| 107 | 495 |
| 97  | 305 |
| 114 | 257 |
| 97  | 305 |
| 116 | 611 |
| 97  | 305 |
| 119 | 87  |
| 97  | 305 |
| 122 | 545 |
| 97  | 305 |
| 128 | 378 |
| 97  | 305 |
| 134 | 330 |
| 97  | 305 |
| 135 | 181 |
| 97  | 305 |
| 136 | 619 |

[No. 14867.   Department Two. — February 15, 1893.]

# N. P. PERINE, RESPONDENT, v. ROSWELL FOR-BUSH, APPELLANT.

STREET ASSESSMENT — FORECLOSURE — PLEADING — DELAY IN ENTERING INTO CONTRACT — FAULT OF CONTRACTOR. — A complaint in an action upon a street assessment which shows that the contract which is the basis of the assessment was not entered into within fifteen days after the first posting of the notice of the award to the contractor, as required by section 5 of the act of March 18, 1885 (Stats. 1885, p. 147), but which contains no averment that the delay in entering into the contract was not caused by the fault of the contractor, is fatally defective.

ID. — MANDATORY STATUTE — TIME FOR EXECUTING CONTRACT. — The pro-vision of section 5 of the act of March 18, 1885 (Stats. 1885, p. 147), which fixes the time within which contracts for street improvements shall be executed, is mandatory, and not merely directory.

ID. — STATUTES, WHEN NOT DIRECTORY. — Although statutes which fix the time within which official acts are to be performed are often held to be merely directory as to the time so fixed, yet such a statute is never so construed when its language indicates the contrary intention, as when the statute attaches a consequence to the failure to perform the act within the time limited. In such a case, the consequence can be avoided only by a compliance with the statute.

ID. — INVALID CONTRACT — VOID ASSESSMENT — APPEAL. — The contract in such case being invalid because of the failure of the superintendent to enter into the contract within the time fixed by the statute, the as-sessment based thereon is void; and the failure of the property owner to appeal to the city council from the act of the superintendent in enter-ing into the contract after the time fixed does not validate the assess-ment.

ID. — PLEADING — COMPLAINT — COMPLIANCE WITH STATUTE. — It is in-cumbent upon the plaintiff, in an action upon a street assessment, to show in the complaint, by either special or general averments of the character permitted by statute, that the various provisions of the statute under which it is sought to charge the defendant were complied with.

ID. — CONTRACT — IMPROVING STREET-RAILWAY — AGREEMENT NOT TO ASSESS. — Where a contract for street-work provided for the doing of all the work specified in the resolution of intention, the fact that it con-
XCVII. CAL.—20

tained a provision to the effect that there should be no assessment upon the adjoining property for improving part of the street occupied by a railway company, and that the contractor would accept payment from the street-railway company for the portion of the work done upon the part of the street occupied by the company, does not render the contract void.

ID. — ANSWER — HOMESTEAD OF DEFENDANT. — It is no defense to an action upon a street assessment that the property against which it is sought to enforce the lien constitutes the homestead of the defendant.

ID. — VERBAL AGREEMENT OF CONTRACTOR TO ACCEPT LAND — INSUFFI-CIENT DEFENSE. — It is no defense to an action upon a street assessment that the contractor made a verbal agreement with the defendant to enter into a written contract by which the contractor was to accept from the defendant a conveyance of certain land in payment of the amount which should be assessed against the property of the defendant for the street improvements, and to pay to the defendant the balance of the purchase price of the land, and that the contractor refused to complete such written contract after doing the street-work; and an averment by the defendant, in his answer, that if it had not been for such verbal agreement he would have commenced an action to enjoin the contractor from prosecuting the work, does not strengthen the attempted defense.

ID. — ASSESSMENT — COST OF WORK NOT SPECIFIED IN CONTRACT — APPEAL — WAIVER OF OBJECTION — JURISDICTION TO CONTRACT. — Where a contract for street-work is otherwise valid, the fact that in making the assessment for street-work the superintendent of streets included the cost of certain bulkheads, which were not named in the plans and specifications attached to the contract, does not render the assessment void, where it does not appear that the construction of the bulkheads was an entire departure from the general plan or scope of the improvement described in the resolution of intention. The only remedy of the property owner for such erroneous action on the part of the superintendent in including work not specified in the contract, but which might have been included in it under the resolution of intention without rendering the contract void, was by an appeal to the city council, and his failure to appeal thereto constituted a waiver of the objection, which cannot be urged in an action to foreclose the lien of the assessment. It is only where the contract is void, or where the assessment includes work which the city would have no jurisdiction to contract for, because not embraced in the resolution of intention nor reasonably related thereto, that the property owner need not appeal.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. B. Canfield*, and *B. F. Thomas*, for Appellant.

The provision of the act requiring the contract to be

entered into within fifteen days from the posting of the notice of award is mandatory. (See Endlich on Interpretations of Statutes, secs. 398, 431, 432, 434; Welty on Street Assessments, sec. 319.) The execution of the contract was purely a ministerial act. A contract authorized and executed in the mode prescribed is indispensable to the validity of the assessment. (See *Doughty* v. *Hitchcock*, 35 Cal. 524.) As there is a consequence attached to the failure to enter into the contract within fifteen days, the provision is clearly mandatory. (See *Shaw* v. *Randall*, 15 Cal. 386; Blackwell on Tax Titles, 5th ed., secs. 465, 466; *Jackson* v. *Blucker*, 5 Wend. 135; *Green* v. *Beesom*, 37 Ind. 7; 10 Am. Rep. 62; *Williams* v. *Brace*, 5 Conn. 190.) The mode of proceeding prescribed by the statute in relation to the awarding and making of the contract must be strictly pursued. (See 15 Am. & Eng. Ency. of Law, 1086.) The defense that the property was a homestead should have been sustained, as a homestead can only be subject to be sold in satisfaction of the liens mentioned in the statute relating thereto, and cannot be sold to satisfy a lien for materialmen. (See Civ. Code, sec. 1241; *Richards* v. *Shear*, 70 Cal. 188.) The agreement by the contractor to accept land or other property in lieu of money as compensation for his work was a waiver of the statutory lien by agreement. (See *Baird* v. *Peall*, 92 Cal. 235.) As it clearly appears that the assessment included certain bulkheads not contracted for or ordered by the board, the assessment cannot be enforced. (*Donnelly* v. *Howard*, 60 Cal. 291.) As the demand made must have included the cost of the bulkheads, it was made for a sum in excess of what was due, and was thereby vitiated. (See *Dyer* v. *Chase*, 52 Cal. 440; *Schirmer* v. *Hoyt*, 54 Cal. 280.) The contention that the defendant should have appealed from the assessment on the ground that it included work not contracted for is untenable, as the plaintiff should have appealed, and had the assessment purged of every improper item. (*Dyer* v. *Scalmanini*, 69 Cal. 637.)

*Wright & Day*, and *J. J. Perkins*, for Respondent.

The complaint was not demurrable because of showing an assessment for bulkheads. As the amount claimed to have been erroneously charged for them was separable, the error did not vitiate the assessment. (*Blair* v. *Luning*, 76 Cal. 134; *Beaudry* v. *Valdez*, 32 Cal. 269; *Chambers* v. *Satterlee*, 40 Cal. 497; *Himmelmann* v. *Satterlee*, 50 Cal. 68; *Dyer* v. *Scalmanini*, 69 Cal. 637; *Emery* v. *San Francisco Gas Co.*, 28 Cal. 346.) The item being specific and severable, the proper remedy was by an appeal to the city council. (*Himmelman* v. *Hoadley*, 44 Cal. 278; *Dyer* v. *Scalmanini*, 69 Cal. 637; *Blair* v. *Luning*, 76 Cal. 134.) The fact that there was a street-railway in the street, and that the resolution of intention and the contract included the whole improvement, but the assessment apportioned the expense, did not render the contract void. If there was error in the apportionment, the error should have been remedied by appeal. (*Oakland Pav. Co.* v. *Rier*, 52 Cal. 270.) The fact that the property was a homestead is no defense to this action. (Civ. Code, sec. 1241; *Himmelmann* v. *Spanagel*, 39 Cal. 389.) The remedy for any irregularities complained of here was by appeal, and a failure to appeal was a waiver of any objection to them. (*Conlin* v. *Seamen*, 22 Cal. 546; *Blair* v. *Luning*, 76 Cal. 134; *Emery* v. *Bradford*, 29 Cal. 75; *Shepard* v. *McNeil*, 38 Cal. 72; *Dyer* v. *Parrott*, 60 Cal. 551; *Boyle* v. *Hitchcock*, 66 Cal. 129; *Chambers* v. *Satterlee*, 40 Cal. 498; *Dorland* v. *McGlynn*, 47 Cal. 47; *Oakland Pav. Co.* v. *Rier*, 52 Cal. 270.)

DE HAVEN, J. — This action is upon a street assessment, and it appears from the complaint that the contract which is the foundation of the assessment was not entered into within fifteen days after the first posting of the notice of its award to plaintiff. Section 5 of the act of March 18, 1885 (Stats. 1885, p. 147), contains the following: " But if said original bidder neglects, fails, or refuses for fifteen days after the first posting of notice of the award to enter into the contract, then the city coun-

cil shall again advertise for proposals, as in the first in-
stance, and award the contract for said work to the then
lowest regular responsible bidder." This provision of the
law is not directory, as claimed by plaintiff. It is true that
statutes which fix the time within which official acts are
to be performed are often held to be merely directory
as to the time so fixed, but such a statute is never so
construed when its language indicates the contrary in-
tention; as, for instance, when the statute attaches a
consequence to the failure to perform the act within the
time limited. "In such a case," said Mr. Justice Cope,
in delivering the opinion of the court in the case of
*Shaw* v. *Randall,* 15 Cal. 385, "the consequence can be
avoided only by a compliance with the statute." The
provision of the statute above quoted, which fixes the
time within which contracts for street improvements
shall be executed, is mandatory, and when the bidder
has neglected or refused for fifteen days to enter into
the contract awarded him, the city council must again
advertise for proposals, and the superintendent of streets
is without power to relieve him from the consequence of
his neglect or refusal to complete the contract within
the time specified.

· As already stated, the complaint alleges that the con-
tract for the street-work was made more than fifteen
days after the first posting of notice of its award to
plaintiff, but there is no averment therein that the delay
in entering into the contract was not caused by the fault
of plaintiff, and in the absence of such an allegation the
complaint does not state a cause of action, as it fails to
show any authority in the superintendent of streets to
make the contract after the expiration of the fifteen days
named in the statute. The facts showing such authority
cannot be left to inference, but they must be alleged. It
is incumbent upon the plaintiff in this class of actions to
show in his complaint, "by either special or general
averments of the character permitted by our statute, that
the various provisions of the statute under which it is
sought to charge the defendant were complied with, for

unless they have been complied with, the defendant is not liable." (*Himmelman* v. *Danos*, 35 Cal. 441.) It is claimed, however, by plaintiff that the assessment cannot be held invalid because of the act of the superintendent in entering into the contract after the time fixed in the statute, as the defendant failed to appeal to the city council from such action of the superintendent, as provided for by section 11 of the act of March 18, 1885 (Stats. 1885, p. 147); but the contract being void, it was not incumbent upon the defendant to appeal to the city council. This was so held in *Brock* v. *Luning*, 89 Cal. 316, construing a similar section found in the act of April 1, 1872. (Stats. 1871–72, p. 804.) The court in that case said: "As the action of the superintendent of streets was void, it could not become valid by the failure of the property owner to appeal, under section 12 of the law of 1872, to the board of supervisors. He could not appeal unless 'aggrieved.' Such owner was not aggrieved; for the contract made was void, and affected his rights no more than would a void judgment." And in the case of *McBean* v. *Redick*, 96 Cal. 191, it was also held that the property owner is not required to appeal to the board of trustees or city council, when the assessment is based upon an invalid contract. It follows from what we have said that the demurrer to the complaint should have been sustained.

It is possible, however, that the plaintiff may be able to obviate this objection to the complaint by its amendment; and it is therefore necessary to pass upon other questions which have been argued, which we now proceed to do. There was no error in sustaining the demurrer to the answer of defendant. The fact that there was a provision in the contract to the effect that there should be no assessment upon the adjoining property for improving that part of the street occupied by the railway company, and that plaintiff would accept as payment for all work done thereunder "the warrant of said superintendent as the same may be issued by him, . . . . and also the amount which may be paid by any

person holding a franchise for any operation of a street-railroad throughout State Street," did not render the contract void. The contract was to do all the work specified in the resolution of intention, and the agreement of plaintiff to accept payment from the street-railway company for a portion of the work was one which he had a right to make, and which could not possibly injure the defendant, or any property owner.

Nor is it any defense to this action that the property against which it is sought to enforce the lien constitutes the homestead of defendant. The cost of making improvements like those embraced in this contract is as much a charge against the homestead as against any other property fronting upon such improvements.

The third separate defense set out in the answer is equally without merit. The verbal agreement of plaintiff to enter into a written contract with defendant by which plaintiff was to accept from defendant a conveyance of certain land in payment of the amount which should be assessed against the property of defendant for the street improvements, and to pay to defendant the balance of the purchase price of said land, and the refusal of plaintiff to complete such written contract after doing the street-work, constitute no defense to this action. Nor is the case of defendant strengthened by the averment that if it had not been for such verbal agreement, he would have commenced an action to enjoin plaintiff from prosecuting the street-work under his contract made with the superintendent of streets. As we construe the answer, the alleged agreement upon the part of plaintiff to purchase defendant's land, and in part payment therefor to credit defendant with the amount of the street assessment, was never completed, and it is unnecessary to consider what would have been its effect if it had been reduced to writing, as verbally agreed upon, and defendant had tendered a deed in accordance with its terms.

In making the assessment, the superintendent of streets included $444, the cost of 37 bulkheads which

were not named in the plans and specifications attached to the contract, and it is claimed by defendant that the assessment is for this reason void. This contention cannot be sustained. It is true that as the contract did not provide for constructing these bulkheads, the superintendent of streets ought not to have included their cost in the assessment which he made, but for such erroneous action on his part the only remedy was an appeal to the city council, as provided for in section 11 of the act "to provide for work upon streets . . . . within municipalities," approved March 18, 1885. (Stats. 1885, p. 147.) Such an objection to the assessment could have been corrected by the city council, and the defendant waived his right to now make it by not appealing to that body for its correction. (*Himmelman* v. *Hoadley*, 44 Cal. 276; *Boyle* v. *Hitchcock*, 66 Cal. 129; *Fanning* v. *Leviston*, 93 Cal. 186; *Frick* v. *Morford*, 87 Cal. 579.)

When, however, an assessment includes the cost of work not falling within the general description of that which is referred to in the resolution of intention, or when such work bears no relation whatever to that which is described in the contract, this rule would not apply. But this is not such a case. The construction of the bulkheads was not, so far as appears here, an entire departure from the general plan or scope of the improvement described in the resolution of intention, although mention of them is omitted in the plans and specifications attached to the contract. In such a case the determination of the superintendent of streets that their construction was necessary in order to fully complete the work called for by the contract was only an error of judgment, and his action in making an assessment to cover their cost was only a mere error, which it is too late now to correct, and which does not render the assessment wholly void.

We do not regard the cases of *Dyer* v. *Chase*, 52 Cal. 440, and *Donnelly* v. *Howard*, 60 Cal. 291, cited by defendant, as being opposed to our conclusion upon this

point, but, on the contrary, they are in harmony with the views here expressed. In each of those cases the assessment and the demand for its payment included the cost of work not authorized by the resolution of intention, although provided for in the contract upon which the assessment was based, and it was held that such assessment could not be enforced as a lien upon the property of the defendant, and that the owner was not required to appeal to the board of supervisors for its correction, or failing to do so, submit to it as a burden upon his property.

We are satisfied that section 11 of the act of March 18, 1885, above referred to, does not require the property owner to appeal to the city council for relief from an assessment based upon a void contract (*McBean* v. *Redick*, 96 Cal. 191; *Frick* v. *Morford*, 87 Cal. 579; *Brock* v. *Luning*, 89 Cal. 316), or for relief from an assessment which includes the cost of work which the city council itself would not have had jurisdiction to contract for, because not embraced in the resolution of intention; but when the contract is valid, and the error complained of is only found in the assessment because it was made to cover the cost of work not falling strictly within the provisions of the contract, although reasonably related thereto, and which might have been included in the contract without rendering it void, as being beyond the authority conferred by the resolution of intention, the failure to appeal to that body for redress is a waiver of the right to make such objection in the action brought to enforce the assessment.

Judgment and order reversed.

Fitzgerald, J., and McFarland, J., concurred.