[No. 14565. Department Two.—September 11, 1893.]

# H. C. PARTRIDGE ET AL., APPELLANTS, *v.* JANE M. LUCAS ET AL., RESPONDENTS.

STREET IMPROVEMENTS—RESOLUTION OF INTENTION—DESCRIPTION LIMITS JURISDICTION TO CONTRACT.—The passage and publication of a resolution of intention to do street work are acts by which the board acquires jurisdiction to make such improvements as they describe in the resolution, and they cannot lawfully cause work other than that which is so described to be performed, or enter into any valid contract therefor.

ID.—RESOLUTION TO "MACADAMIZE" STREET—ROCK GUTTERWAYS NOT INCLUDED.—A resolution of intention to do street work declaring it to be the intention of the board of trustees of the town to "macadamize" a street, does not give the board jurisdiction to contract for the construction of rock gutterways in the street to be macadamized.

ID.—DEFINITION OF "MACADAMIZE."—The word "macadamize" means to cover a street or road by the process introduced by Macadam, which consists of the use of small stones of a uniform size, consolidated and leveled by heavy rollers; and is entirely distinct from the construction of rock gutterways formed by laying flat stones even on their upper surfaces and filling the interstices with clean, hard rock, finely broken and screened.

ID.—ASSESSMENT FOR MACADAMIZING STREET—COST OF GUTTERWAYS—OBJECTION NOT WAIVED BY FAILURE TO APPEAL.—Where a resolution of intention to do street work failed to include the construction of rock gutterways in the street to be improved, an objection to an assessment for the work done because the cost of such gutterways was included therein, is not waived by the failure of the defendants to appeal to the board of trustees for the correction of the assessment or to ask for a new assessment to pay only the contract price for the work which was done in macadamizing the street according to the resolution of intention.

ID.—ASSESSMENT AN ENTIRETY—COST OF WORK NOT LEGALLY CHARGEABLE.—An assessment for street work sought to be enforced as an entirety must stand or fall as a whole, and if it includes the cost of work which is not legally chargeable upon the property sought to be charged therewith, it cannot be enforced.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion of the court.

*D. H. Whittemore,* for Appellants.

*Sidney V. Smith,* for Respondents.

DE HAVEN, J.—This is an action to recover upon a street assessment. In the superior court a demurrer to the complaint was sustained, and judgment thereupon rendered for defendant. Plaintiffs appeal.

1. It is well settled that "the passage and publication of the resolution of intention are acts by which the board acquires

jurisdiction; and by those acts they acquire jurisdiction to make only such improvements as they described in the resolution, and they cannot, therefore, lawfully cause work other than that which is described to be performed." (*Beaudry* v. *Valdez*, 32 Cal. 276; *Himmelman* v. *Satterlee*, 50 Cal. 68.) The complaint alleges that the board of trustees of the town of San Rafael passed a resolution declaring it to be the intention of such board to order "that B Street . . . . be macadamized"; and thereafter, assuming to act under such resolution of intention, awarded to plaintiffs a contract to macadamize the street mentioned, and also to construct therein rock gutterways, "formed by laying flat stones even on their upper surfaces . . . . and not more than nine inches square . . . . the stone to be hand laid . ; . . and securely spawled where openings between the joists occur," the interstices to be filled "with clean, hard rock, finely broken and screened."

It is plain that the work described in the resolution of intention did not include the construction of rock gutterways in the street to be macadamized, and therefore the board of trustees did not, under the rule above stated, acquire jurisdiction to contract for such gutterways, and the contract as to these is void. The word "macadamize" has a fixed and definite meaning and refers, not only to the kind of material to be used in covering a street or road, but also to the manner in which it is to be laid. It means to cover a street or road "by the process introduced by Macadam, which consists of the use of small stones of a uniform size, consolidated and leveled by heavy rollers." (13 Am. & Eng. Encycl. of Law, p. 1194.) The construction of rock gutterways in the manner described in the contract awarded to plaintiffs is something entirely different from the ordinary work of macadamizing the surface of a street as thus defined; and, unless expressly named and called for in a contract, the contractor undertaking simply to macadamize a street would not be required to construct such gutterways in order to complete his contract; and, although it may be true that in many instances such gutterways would be of great benefit to streets paved with macadam, still this fact would not render their construction in such streets any the less a distinct improvement, and one not to be deemed as included in a resolution of intention or

a contract to macadamize a street unless particularly named in such resolution or contract. A resolution of intention to macadamize a street gives no notice of an intention to construct gutterways therein of any different material than macadam, or to be laid in any different manner, or at a greater cost per foot than the other portions of the street between the curbing.

The case of *Burke* v. *Altschul,* 66 Cal. 533, cited by the plaintiffs, does not decide that rock gutterways are included within the general definition of the word "macadamize," or that under a resolution of intention to macadamize a street the authorities of a town or city would have jurisdiction to let a contract for rock gutterways also. The contract under consideration in that case was not attacked upon the ground that it was not within the terms of the resolution of intention, but the objection was that the statute did not authorize an assessment upon the abutting property to pay the costs of constructing such gutterways in a street, and the court simply held in that case that the construction of such gutterways, although not specially named in the statute, might be properly included in the resolution of intention, under the general power which was given the board of supervisors in the act there construed "to order any other work to be done which shall be necessary to make and complete the whole or any portion of said street," etc. So, in this case, the board of trustees of San Rafael, under the general power to the same effect, given such board by section 2 of the act of March, 1885 (Stats. 1885, p. 147), might have included the laying of the gutterways in its resolution of intention; but, as it did not, there was no authority to enter into any contract for their construction.

The case of *McNamara* v. *Estes,* 22 Iowa, 246, also cited by plaintiff, is more nearly in point, and yet does not decide the exact question we are now considering. In that case it was decided that under a general power to macadamize streets, a town might also construct gutterways, and we presume, although it is not so stated, rock gutterways. The court in effect there held that the power to construct such gutterways was fairly embraced in the general power to macadamize, and was incident thereto. The question before us, however, arises under a statute which, while it confers power upon cities and towns to mac-

adamize streets and construct rock gutterways therein, also requires the passage and publication of a resolution of intention describing the work intended to be done, as a condition precedent to the right to enter into a contract therefor. The object of this statute is to give notice to owners of property who would be affected by the contemplated improvement, in order that they may be heard in opposition thereto if they desire (*Emery* v. *San Francisco Gas Co.,* 28 Cal. 375); and, while it is not necessary that the resolution of intention should be as full and minute as specifications contained in a contract, still such resolution must contain a general description of all that is intended to be done; and as rock gutterways are not necessarily any part of the work of macadamizing a street, and are capable of being easily described as a separate and distinct part of the improvement of a street when their construction is deemed necessary or proper in connection with the macadamization of a street, they must be mentioned in the resolution of intention in order to justify a contract for their construction. The rule which requires the board of trustees or city council to keep strictly within the resolution of intention is not a harsh one, and a contractor ought certainly to have no difficulty in determining whether the work specified in his contract falls within the general description of that named in the resolution of intention, and which resolution under the statute is the first and necessary step to be taken by the town or city in obtaining jurisdiction to let any contract for the improvement of a street to be paid for by an assessment upon abutting property.

2. It is claimed by the appellant that, as the costs of the gutterways could have been separated from the contract price for the macadamizing, the defendants waived their right to object to the assessment made to pay the contract price of both the macadamizing and gutterways, by not appealing to the board of trustees for its correction. But we do not think so. Section 11 of the act of March 18, 1885, before referred to, does not make it incumbent upon the property owner to appeal to the board of trustees or city council for the correction of an assessment made to cover the cost of work not embraced within the description contained in the resolution of intention passed and published by such board or city council. (*Perine* v. *For-*

*bush*, 97 Cal. 305.)    That section provides that "no assessment shall be held invalid except upon appeal to the city council, as provided in this section, for any error, informality, or other defect in any proceedings prior to the assessment, or in the assessment itself, *where notice of the intention of the city council to order the work to be done for which the assessment is made has been actually published in the designated newspaper of said city for the length of time prescribed by law before the passage of the resolution ordering the work to be done.*"

In this case, as we have seen, there was no publication of any intention to improve the street by laying rock gutterways therein, and as a consequence of this, the objection to the assessment because the cost of such gutterways was included therein was not waived by the failure of defendants to ask that the assessment be corrected, or to ask for a new assessment to pay only the contract price for the work which was done in macadamizing the street.

The assessment sought here to be enforced is an entirety, and must stand or fall as a whole, and as it includes the cost of the gutterways, which is not legally chargeable upon the property of defendants, plaintiff is not entitled to maintain the action. (*Dyer* v. *Chase*, 52 Cal. 440; *Donnelly* v. *Howard*, 60 Cal. 291.)

Judgment affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.