## WILLIAMS v. BISAGNO et al.

### No. 14,271; October 18, 1893.

#### 34 Pac. 640.

**Street Assessments.—A Resolution to Pave and Curb a Street** required the city engineer to furnish the council with estimates. The estimates, in addition to the items of paving and curbing, stated, under the head of "grading," that sixty-six cubic yards of excavation and forty-two cubic yards of embankment would be required. The grading, if taken from the entire surface of the street, would involve the removal of one and five-sevenths inches in depth. Held, that it would be assumed, from the small amount of the so-called "grading" required, that the street had been graded, and that the grading mentioned in the estimates was merely the removal of small inequalities in the surface, and therefore an assessment for the paving and curbing was not invalid on the ground that it required grading, which was not mentioned in the resolution.

**Street Assessment.—A Recital in the Record on Appeal by** defendant, in an action to enforce a street assessment, that plaintiff produced two witnesses who testified that the notice of the improvement "was posted at the time and in the manner required by law, both as to the number of said notices, the place of posting, and the time during which the same remained posted," sufficiently shows that the law as to posting the notice was complied with.

**Street Assessment.—A Resolution to Pave a Street, Which Refers** by number to certain ordinances for the manner in which the work is to be done, is sufficient, without reciting the provisions of the ordinance.

APPEAL from Superior Court, City and County of San Francisco; J. R. Swinnerton, Judge.

Action by C. B. Williams, administrator of J. E. Magary, deceased—substituted as plaintiff in place of his intestate— against A. Bisagno and others, to enforce a street assessment. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Craig & Meredith for appellants; Jas. H. Budd for respondent.

HAYNES, C.—This action was brought by Magary against the appellants to enforce a street assessment. He obtained

judgment in the superior court, and defendants appeal from the judgment, and an order denying their motion for a new trial. After the appeal was taken, Magary died, and his administrator, C. B. Williams, was substituted in this court. Upon their motion for a new trial, appellants specified three particulars in which they claimed the evidence was insufficient to justify the decision, namely: (1) It appeared from the evidence that the plans and specifications were not in accordance with the resolution of intention, in that they included grading, which work was not included in said resolution of intention. (2) The contract embraced work not within said resolution of intention, namely, the grading of said street. (3) The notice of said work, as posted, did not comply with the law, in that the letters were not an inch long, and said notice was not posted in two or more places. The only error of law specified is that "the court should have decided in favor of defendants."

The resolution of intention was to order Washington street paved with basalt blocks of the dimensions required by ordinance No. 239 of the ordinances of the city of Stockton, for the entire width of the roadway from one designated point to another, and to order curbing of granite rock, of the dimensions required by another designated ordinance, along the outside of the sidewalks, on both sides of the same street, between the same terminal points. By a resolution of the council, the city engineer was required to furnish the council with plans and specifications, and careful estimates of the cost and expense, of said paving, and of the curbing. This resolution was complied with. The engineer reported, under the head "grading," the following: "There will be a total of sixty-six cubic yards of excavation and forty-two cubic yards of embankment. The embankment must be made from the excavation, and the entire work must be rolled at least twice with the city roller before placing sand upon it." After fully describing the manner in which the paving and curbing should be done, the "estimate of cost" was given as follows:

13,465 square feet of paving at $.25 ............ $3,366 25
606 running feet of curbing at $1.00 .......... 606 00
                                                 ————————
                                                 $3,972 25

These plans and specifications and estimates were approved by the council, and were incorporated in the contract for the work. No estimate was made for grading, nor was any bid made therefor, except as included in the bid for paving, and the assessment and warrant were for paving and curbing. It is clear from the record that the grading mentioned in the specifications was treated throughout as incidental to, and part of, the paving. The grading involved a removal, if taken from the entire surface, of one and five-sevenths inches in depth, or, as the specifications show, an excess of twenty-four yards over what was required to fill the slight inequalities of the street. Such work is obviously incidental to the paving, as much so as putting on the three inches of sand required as a basis for the basalt blocks, and was within the work specified in the resolution of intention. The ordinance providing for the manner in which the paving shall be done is not set out, either in the transcript or briefs, nor is there anything in the record to show that the street had not been graded. We think it may therefore be assumed, not only from the silence of the record, but from the small amount of the so-called "grading," that the street had been graded; that the work denominated "grading" in the specifications was merely the removal of inequalities resulting from the use of the street after it was graded, and that the ordinance prescribing the mode or manner of paving provided for the removal of such inequalities as part of the work of paving; that the character of this work did not come within the meaning of the word "graded," as used in the second section of the act, and was used by the engineer only in the sense of being a necessary part of the work of paving, for which a separate estimate was not only unnecessary, but improper. The resolution directed the engineer to make plans, specifications and estimates "of the cost and expense of paving with basalt blocks," and, the estimate not having included "grading," both the engineer, in making his report, and the council, in approving it, must have understood the grading as part of the paving, and within the ordinance upon the subject of paving. Dyer v. Chase, 52 Cal. 440, and Donnelly v. Howard, 60 Cal. 291, cited by appellants, are not in point. In Dyer v. Chase the resolution of intention was to curb and macadamize a street. The contract and assessment included macadamizing the sidewalk. And in Don-

nelly v. Howard a reference to the record shows that the assessment included "curbing," which was not included or referred to in the resolution of intention. It may be, as appellants contend, that the grading increased the bid for paving, but, as the paving could not be done without the prior preparation of the street, such preparation is properly included.

The contention that the "notice of street work" did not comply with the statute, in that the letters should have been "an inch in length along the line," instead of vertically, requires little notice. The object of the statute is to have the headline of the posted notices, consisting of the words, "Notice of Street Work," so prominent as to attract attention, and so distinct as to be easily read at a reasonable distance. A copy of the headline of the notice, as posted, is inserted in the transcript. The letters are more than an inch in length, vertically, and of reasonable proportion, and are sufficiently distinct. The sole purpose of the statutory provision having been fully accomplished, as well as literally complied with, a discussion of the question is unnecessary.

As to the point that it is not shown that more than one notice of "street work" was posted, the transcript contains the following: "The plaintiff thereupon produced two witnesses, who testified, in substance and effect, that the said notice was posted at the time and in the manner required by law, both as to the number of said notices, the place of posting, and the time during which the same remained posted." This condensed statement of the evidence upon this point, made by appellants in their statement on motion for a new trial, is, we think, conclusive that the law was complied with in that regard. At the least, it does not appear from the record that the requisite number of notices was not posted.

Appellants make the further point in their brief that the resolution of intention was not sufficient, inasmuch as it referred to ordinances 239 and 334, instead of reciting the provisions of those ordinances, and cite in support of their contention Crosby v. Dowd, 61 Cal. 558, to the effect that a decree foreclosing a mortgage must be, in itself, sufficient, without referring to other records. That case was, however, overruled in De Sepulveda v. Baugh, 74 Cal. 468, 5 Am. St. Rep. 455, 16 Pac. 223; In re Madera Irr. Dist., 92 Cal. 329, 27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675. The question here,

however, is different. In Crosby v. Dowd the question was whether a decree was not void which purported to enforce a lien upon property not described in the decree itself, and which could only be identified, if at all, by reference to conveyances on record. Here the reference is to ordinances showing the manner in which the work is to be done, and of which appellants were not only bound to take notice, but were conclusively presumed to have knowledge. Finding no error in the record, we advise that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be affirmed.