[No. 15392. Department One.—June 23, 1894.]

JAMES RYAN, RESPONDENT, v. LUDWIG ALT-
SCHUL, APPELLANT.

STREET ASSESSMENT—COMPLIANCE WITH STATUTE—INVALIDITY.—A street
assessment cannot become a lien without a substantial compliance with
all the provisions of the statute; and where it appears upon the face of
the assessment that the lot of the defendant is charged with a portion
of the expense for the work done that the statute declares must be
assessed upon other lots, and which cannot, under any circumstances, be
imposed upon the lot of the defendant, the assessment is invalid for any
purpose.

ID.—APPEAL TO SUPERVISORS.—Where an assessment includes expenses
which, under any circumstances, might have been charged upon the
property assessed, and the alleged error is to be determined by matters
outside of the assessment itself, the owner must first seek its correction
by an appeal to the board of supervisors; but if the assessment is void
upon its face, no appeal is necessary.

ID.—ASSESSMENT VOID IN PART.—The assessment is to be regarded as an
entirety, and is equally void if it appears upon its face that a portion
or all of it is for expenses not legally chargeable upon the property
assessed, or that the statute required a portion of the expenses incurred
to be assessed upon other property.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan,* for Appellant.

*J. C. Bates,* for Respondent.

The COURT.—On the eleventh day of June, 1888, the
board of supervisors of the city and county of San
Francisco made and passed a resolution of intention,
declaring their intention to order "redwood curbs,
plank sidewalks, and rock gutters to be laid on the
southerly side of Post street, commencing at the south-
westerly corner of Broderick and Post streets, for a dis-
tance of 275 feet, and that the southerly one-half of the
roadway opposite to the above-described portion of Post
street be regraded and remacadamized."

In regular course of the procedure thus inaugurated, the board ordered the work to be done February 11, 1889, and March 18, 1889, awarded to plaintiff a contract for the work. Plaintiff duly entered into a contract with the street superintendent, and proceeded to do the work, and on May 8, 1889, the assessment, upon which this suit is brought, was made and assigned to him.

The specifications stated "that portion of Post street is to be graded by the removal of all loose sand or earth until the old macadam shall have been reached, or to a depth of not less than twelve (12) inches at the center or crown of the street should the original macadam be entirely gone."

Plaintiff's bid was for macadamizing (including regrading), per square foot, 5¾ cents; for sidewalks, per front foot, $1.20; for curbs, per lineal foot, 25 cents.

Which shows that the grading was charged for in the charge for macadamizing.

The assessment was:

5,328 square feet macadam, at $.05¾ per foot....$306 36
275 lineal feet redwood curbs, at $.25 per foot... 68 75
275 front feet plank sidewalk, at $1.20 per foot..330 00
Printing.................................... 94 20
Engineering................................ 29 99

                                        $828 31

The diagram shows one lot assessed, to wit, defendant's lot on the south side of the street, 275 feet frontage.

It is contended that the assessment is void; that it charges defendant with the entire cost of grading and curbing, while the law required that the expense of this work should be assessed upon the lots fronting upon the work on both sides of the street.

Subdivision 1 of section 7 of the Vrooman act (Statutes 1885, p. 147) provides that the expense of street work " shall be assessed upon the lots and lands fronting thereon, except as hereinafter specifically provided."

Subdivision 8 of that section reads as follows:

"Where any work mentioned in section 2 of this act (sewers, manholes, cesspools, culverts, cross-walks, crossings, curbing, grading curbing, piling, and capping excepted) is done on one side of the center line of said streets, lanes, alleys, places, or courts, the lots or portions of the lots fronting on that side only shall be assessed to cover the expenses of said work, according to the provisions of this section."

Whether other parts of the street within this block had been graded, macadamized, curbed, or otherwise constructed, the record does not disclose.

It is difficult to discover any reason for putting curbing or grading in the list of exceptions in subdivision 8, and this was changed by the amendment to the act made in 1889. The proceedings here had been commenced, and had proceeded up to the reception of plaintiff's bid before that act was passed. In that act it was expressly provided "that any work or proceedings commenced under the act of which this is amendatory shall in no wise be affected thereby, but shall in all respects be finished and completed thereunder, and this act shall in no wise affect such work or proceedings."

The effect of a street assessment is to put a burden upon a property holder against his will. No such lien can be put upon his property save by a substantial compliance with all the provisions of the statute, and in no way can a burden be put upon him against the provisions of the statute. We may not be able to comprehend the reason for this exception as to curbing and grading, but the language is not ambiguous and the legislative power is not in this court. So far as the act of grading and curbing is concerned, the assessment is illegal. Does it render the whole assessment void? The following cases seem to hold that it has that effect: *Dyer* v. *Chase*, 52 Cal. 440; *Schirmer* v. *Hoyt*, 54 Cal. 280; *Donnelly* v. *Howard*, 60 Cal. 291.

Respondent contends that appellant's only remedy

was to appeal to the board of supervisors and have a new assessment made. The same point was made in *Donnelly* v. *Howard*, 60 Cal. 291, and expressly overruled. In fact, each of the above cases is an authority for appellant upon this question, as is also the case of *Dorland* v. *Bergson*, 78 Cal. 637. See, also, *Dyer* v. *Harrison*, 63 Cal. 447; *Diggins* v. *Brown*, 76 Cal. 318. The last two cases are utterly inconsistent with respondent's contention. Evidently, however, if he had appealed, and the board had refused relief, their conclusion could not be final, for neither as an appellate board nor otherwise can it transcend its power in making contracts to become a charge upon private property.

If the assessment includes expenses which under any circumstances might have been a charge upon the property assessed, and the alleged error is to be determined by matters outside of the assessment itself, the owner must first seek its correction by an appeal. (*McDonald* v. *Conniff*, 99 Cal. 386.) If, however, the assessment is void upon its face, it does not constitute an apparent lien upon the property, and as its invalidity is always apparent the owner is not "aggrieved," and is not required to seek its correction by an appeal, but may defend upon this inherent invalidity whenever an attempt is made to enforce it, or any right is asserted by virtue of its existence. An assessment is void upon its face if it purports to be for work which is not included in the contract upon which it is made, or which has not been authorized in the resolution of intention (*Donnelly* v. *Howard*, 60 Cal. 291; *Partridge* v. *Lucas*, 99 Cal. 519), or if it appears from the diagram attached thereto to be upon lands which the statute does not make chargeable with the expense of the work (*Parker* v. *Reay*, 76 Cal. 103), or which lie outside of the district to be assessed. (*Schumacker* v. *Toberman*, 56 Cal. 508.) The assessment is to be regarded as an entirety, and is equally void if it appears upon its face that a portion, or the whole of it, is for the expense of

work which is not legally chargeable upon the property assessed (*Partridge* v. *Lucas,* 99 Cal. 519), or if the statute required a portion of the expense incurred to be assessed upon other property. (*Diggins* v. *Brown,* 76 Cal. 318.) It appears upon the face of the present assessment that the lot of the defendant is charged with a portion of the expense for the work done that the statute declares must be assessed upon other lots, and which cannot, under any circumstances, be imposed upon the lot of the defendant. It must, therefore, be regarded as invalid for any purpose.

The judgment and order are reversed.

Hearing in Bank denied.