[S. F. No. 2552. Department One.—December 18, 1902.]

## G. F. GRAY et al., Appellants, v. CLARENCE C. BURR et al., Respondents.

STREET IMPROVEMENT—CURBS AND SIDEWALKS—SUSPENSION OF PROCEED-
INGS—INVALID ASSESSMENT.—An assessment for a street improve-
ment consisting of curbs and sidewalks on a street for one block
"where not already laid" is invalid, and creates no lien, when a
protest was filed against the laying of the curbs and has not been
passed upon. Such protest suspended the jurisdiction of the board
to order the laying of the curbs until the objections thereto were
passed upon.

ID.—SEPARATE RESOLUTIONS—PROTEST LIMITED TO CURBS.—The right to
protest against the laying of the curbs was not impaired by the fact
that the sidewalks were included in another resolution of intention.
The board could not, by ordering work included in separate resolu-
tions of intention deprive the owners of the right to protest against
either of the items; and an assessment for curbs and sidewalks in-
cluding the cost of curbs protested against, without passing upon the
protest, creates no lien, even if the laying of the sidewalks was not
objected to.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

J. C. Bates, for Respondents.

HARRISON, J.—Action upon a street assessment in the
city and county of San Francisco. Judgment was ren-
dered in favor of the defendants, and from this judgment
and an order denying a new trial the plaintiffs have appealed.

The work for which the assessment was made is "laying
granite curbs and artificial stone sidewalks on Union Street
between Franklin and Gough streets, where not already laid,
and except where bituminous rock sidewalks are laid." The

resolution ordering the same was passed September 28, 1896, and the assessment sued upon was issued February 18, 1897.

The complaint does not set forth the resolution of intention for doing the above work, or the date of its passage, but at the trial the defendants, under certain averments in their answer, introduced in evidence a resolution passed by the board of supervisors July 20, 1896, declaring its intention to order "that granite curbs be laid on Union Street between Franklin and Gough Streets where not already laid, and that the roadway thereof be paved with bituminous rock (except that portion required by law to be kept in order by the railroad company having tracks thereon)." It was also shown that on August 10th the owners of a majority of the frontage upon that block filed a protest against the above work, upon which was indorsed under date of September 23, 1896: "Majority protest, which under the law stops further proceedings for six months." The above resolution of intention does not include the work of "artificial stone sidewalks," and the paving of the roadway, which is included therein, is not covered by the assessment herein, and, as above stated, the time at which a resolution of intention for laying the artificial sidewalks was passed by the board does not appear in the record.

It is contended by the appellants that, under the statute, a protest against the improvement, by the owners of a majority of the frontage, does not have the effect to oust the board of jurisdiction to order the work, unless the improvement is "for one block or more," and as the above resolution of intention calls for laying curbs "where not already laid," and as it appears from the assessment that curbs having been laid on a large portion of the block, the improvement herein was for less than one block, the above protest did not therefore have the effect to deprive the board of jurisdiction to order the work. The statute, however, in a subsequent portion of the section, declares: "When the work or improvement proposed to be done is the construction of sewers, manholes, culverts, or cesspools, cross-walks, or sidewalks, and curbs, and the objection thereto is signed by the owners of a majority of the frontage liable to be assessed for the expense of said work as aforesaid, the said city council shall at its next meeting fix a time for hearing said objections, not less than one week thereafter. The city clerk shall thereupon notify the persons mak-

ing such objections, by depositing a notice thereof in the postoffice of said city, postage prepaid, addressed to each objector, or his agent, when he appears for such objector. At the time specified said city council shall hear the objections urged and pass upon the same, and its decision shall be final and conclusive, and said bar for six months to any further proceedings shall not be applicable thereto." Under this provision the council is not authorized to order such improvement when objections thereto are filed by the owners of a majority of the frontage "liable to be assessed for the expense of said work" until after it has heard and passed upon the objections at a time fixed by it, upon notice therefor given as directed by the statute.

The jurisdiction of the board was not affected by the erroneous construction which it gave to the statute in reference to the objections; but while the filing of the objections did not have the effect of an absolute veto upon its jurisdiction to order the work, it suspended the exercise of that jurisdiction until the objections of the protestants had been passed upon, and as the resolution ordering the work was passed without giving to the owners any opportunity to be heard, and at a time when the board was without authority to pass it, the subsequent proceedings were unauthorized, and the assessment created no lien.

The right to protest against laying granite curbs was not impaired by the fact that the above resolution of intention did not also include the sidewalks. The board could not, by providing for the work of sidewalks and curbs in separate resolutions of intention, deprive the owners of the right of protest against either of the items (*Los Angeles Lighting Co.* v. *City of Los Angeles,* 106 Cal. 156); and as the assessment sued upon includes the cost of the curbs with that of the sidewalks, no lien is created thereby, even if it be shown that the proceedings for laying the artificial stone sidewalks were without objection. (*Ryan* v. *Altschul,* 103 Cal. 174.)

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.