[Civ. No. 575.    Second Appellate District.—May 18, 1909.]

RALPH ROGERS COMPANY, a Corporation, Appellant, v. W. H. WORKMAN, Treasurer of the City of Los Angeles et al., Respondents.

STREET IMPROVEMENT—VALID CONTRACT—DELAY CAUSED BY SPECIAL HOLIDAYS AND STATUTORY EXTENSION.—A contract for a street improvement in San Francisco, under an award first published April 13, 1906, is not invalidated by the delay of entering into the same, not caused by the fault or neglect of the contractor, until July 13, 1906, which is less than five days after the expiration of the delay caused by the special holidays declared by the governor immediately succeeding the conflagration of April 18, 1906, until June 2, 1906, and the further delay granted by the act approved June 3, 1906, until the tenth day of July, 1906.

ID.—MANDATORY STATUTE—RIGHT OF OWNERS TO ELECT—CONTINUANCE OF RIGHT BY DELAY NOT FAULT OF CONTRACTOR.—Though the provisions of section 5 of the street improvement act are construed as mandatory to enter into a contract with the original bidder, should the owners fail to elect to do the work, or else to relet the work, yet when the delay of the owners to elect is not caused by the fault of the contractor, he is entitled to five days after the expiration of the time allowed to the owners to signify their election, which time did not expire under the facts of this case, until July 10, 1906.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, and Webster Davis, for Appellant.

E. T. Sherer, and F. C. Valentine, for Respondents.

ALLEN, P. J.—This action was brought to enjoin the city treasurer from selling certain premises by reason of default in the payment of bonds theretofore issued on account of street improvements, and to quiet title to such premises.

It is stipulated that all of the proceedings leading up to the award of the contract for the work of the street improvement were regular and in conformity to the law, the only part of the proceedings questioned being as to the validity of the con-

tract under which the work was done, and that infirmity is claimed to exist only by reason of the fact that the award of contract was first published April 13, 1906, and the contract was not entered into until July 13, 1906. Section 5 of the act under which the street improvement was ordered [Stats. 1885, p. 149] provides that the owners of a majority of the frontage may, within ten days after posting notice of award of the contract, elect to take said work and enter into a contract, etc. Should such owners fail to so elect, it is the duty of the street superintendent to enter into a contract with the original bidder, but if the original bidder fails or refuses for fifteen days after the first publication of notice of award to enter into the contract, the city council shall re-advertise, etc. The provisions of this section are said to be mandatory, notwithstanding, however, the contract may be signed after the expiration of the time specified, if it is shown that the delay is not caused by the fault of the contractor. (*Perine* v. *Forbush,* 97 Cal. 308, [32 Pac. 226].) It is conceded here that a long delay ensued, but it is stipulated that the governor of the state proclaimed the nineteenth day of April, 1906, and each and every other day thereafter, up to and including June 2, 1906, legal holidays. An act of the legislature, approved June 3, 1906, [Stats. 1906, p. 8], provides that ''any act or proceeding appointed, required or limited by or in pursuance of law to be performed or taken on any day or within any time in the month of June, 1906, prior to the last day of said month, may be performed or taken on any day not later than the tenth day of July, A. D. 1906, with the same effect as if it had been performed or taken on the day or within the time wherein such act or proceeding was so appointed, required or limited to be performed.'' It will be thus seen that, assuming the power of the governor to proclaim as special holidays the days named in the stipulation, under the act last mentioned the time for the owners of the property to enter into the contract did not expire until July 10, 1906. This being established, the street law gives to the original bidder five days within which to execute his contract after the expiration of the time allowed the owners within which to signify their election. Whatever may be said as to the legal effect of the proclamation referred to, the allegations of the cross-complaint of defendant Clark, under which the decree appealed from was rendered, setting

up as it did, the stipulated facts with reference to the proclaimed holidays, may be said to be statements of fact sufficient to excuse the delay upon the part of the contractor, and as allegations of fact showing that the delay was not occasioned by his fault or neglect. The delay, then, not being occasioned by the fault or neglect of the contractor, under the doctrine of the case above cited, the contract executed on the date set out in the cross-complaint was a valid one. The judgment should, therefore, be affirmed, and it is so ordered.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1909.