[No. 6,629.—Department Two.]

## J. S. DYER v. M. BROGAN.

STREET ASSESSMENT—DEMAND.—In an action to foreclose a street assess-
ment, under the Act of 1872 (Stats. 1871–72, p. 814), the affidavit of demand
is competent evidence to prove the demand.

APPEAL—PRACTICE.—This Court, on appeal, has no authority to order judg-
ment in accordance with the effect of testimony offered in the Court below,
but excluded.

APPEAL from a judgment in the Twenty-third District
Court, City and County of San Francisco. THORNTON, J.

After the decision, the respondent filed his petition that the
appeal be reheard in Bank, and the application was denied.

*J. M. Wood*, for Appellant.

The affidavit made pursuant to the requirement of the stat-
ute, and being a part of the record, was primary evidence of
the recitals therein contained. (Code Civ. Proc. §§ 1888, 1893,
1894, 1918; subd. 6, §§ 1919, 1920, 1926; *Canfield* v. *Thomp-
son*, 49 Cal. 212.)

*Taylor & Haight*, for Respondent.

The demand having been denied, it was necessary to prove it,
and this could not be done by affidavit. The return on the
warrant is not *prima facie* evidence of the demand under the
law which controlled this assessment.

The statute of 1862, p. 399, § 13, under which *Himmelman*
v. *Hoadley*, 44 Cal. 224, was decided, made by express terms
the return *prima facie* evidence. But this provision is left
out entirely in § 13 of the statute of 1871–72, p. 816.

The statute 1871–72 excludes, *ex industria*, the return, and
gives no effect whatever to it as evidence.

Without express language making it *prima facie* evidence of
demand, it of course can have no more effect than any other
affidavit.

The COURT:

Plaintiff brought his action to foreclose a lien for work done
on one of the streets of the city of San Francisco. On the trial,

the assessment, diagram, and warrant described in the complaint were given in evidence, and the affidavit of demand was offered in evidence, was objected to by defendant, and was excluded by the Court.

The question presented by this appeal is, Was the affidavit evidence of the demand? We are of the opinion that it was, under § 11, Laws of 1871–72, pp. 814, 815.

Judgment reversed, and cause remanded for a new trial.

Subsequently to the judgment, the appellant made a motion that the judgment be modified; and on the hearing of the motion, the Court made the following order:

THORNTON, J.:

A motion is made by the plaintiff to modify the judgment in this cause heretofore rendered by this Department on plaintiff's appeal, reversing the judgment of the Court below.

The action was instituted to enforce a street assessment; and on the trial in the District Court, the affidavit of demand required by the eleventh section of the Act of 1872 (Stats. 1872, p. 814) was excluded, as insufficient to prove such demand.

The Court found, as a fact, that no demand was ever made. This must necessarily have been so, as the bill of exceptions shows that there was no evidence of demand before the Court after the affidavit was excluded.

The ruling above stated was excepted to by the plaintiff, and this Court held that the Court below erred in excluding the affidavit, reversed the judgment, and remanded the cause for a new trial.

Plaintiff's motion is to modify the judgment rendered here, by ordering the Court below to enter judgment for the plaintiff. It is argued that the Court having ruled that the affidavit was improperly excluded, therefore this Court should treat it as if it were in and the demand properly found, of which it is conclusive evidence; and as then the plaintiff would be entitled to a judgment, the Court should order judgment to be entered as moved for.

This would be to convert this Court into a court of original jurisdiction. We would then be trying the case on the evi-

dence, which would be a usurpation of power. The evidence is not before us, for the reason that it was ruled out. The Court below excluded the offered testimony, and passed on the case without it. The case comes here to have this error corrected, and the Court below directed to admit the excluded evidence for the purpose of having a proper trial of the issues between the parties. But the plaintiff in effect requests us to let in the evidence, and try the case here. This we have no authority to do.

If this motion was granted, we should direct the Court below to enter a judgment for the plaintiff on findings which show the defendant entitled to judgment; for the finding is distinct that no demand was ever made. Such demand was essential to a recovery, and the Court finds that there was none. Judgment for defendant follows, as a matter of course. The record in the Court below, if the modification asked for was made, would show a most illogical result—a judgment rendered for the plaintiff on facts established definitely by the findings, showing that the defendant is entitled to the judgment. Judgments of courts appealed from are sometimes reversed in this Court on the findings as insufficient to sustain the judgment, and a judgment rendered here for the appellant; but it is only where the judgment is not the deduction from the facts found, which the application of the rules of law for the admeasurement of the rights of the parties indicate as the proper judgment. In other words, the only tribunal authorized to find it has found the minor premise (the facts of the case) correctly upon the evidence before it; but in applying the major premise, the law, to the minor, has drawn the wrong conclusion, upon which a judgment has passed not justified by the rules of law. The result reached by the conclusion and judgment in such cases is illogical. The facts found show that the judgment does not follow as a logical conclusion from them. The law has suffered, and this Court can redress the injury and correct the error by ordering the proper judgment to be entered. The record in the Court below was illogical, and therefore illegal before; and after correction, it is legal and logical. But in this case, to make it logical, if the judgment is modified as asked, the findings of fact must be changed. This Court has no power to peform such an act.

In our view, this Court did not rest its judgment on the ground that the evidence was insufficient to justify the decision. It passed on no such question. No such question was before it. How can it be said that any such question was before us, when the bill of exceptions shows that all evidence as to demand was excluded? If there was no evidence as to demand, the Court could only find as it did, that no demand was made; so that this Court could not, under such circumstances, hold that the evidence was insufficient to sustain the finding as to the demand.

But if such point had been before us for adjudication, and we had come to the conclusion that it was well taken, the cause must have been reversed for the same reason as in the other state of case discussed above, in order that the only legally authorized tribunal, the Court below, might try the facts.

This motion was in effect decided in passing on the rehearing some time ago. This opinion gives the reasons for our decision on the motion.

The foregoing indicates that the motion must be denied, and it is ordered accordingly.

MORRISON, C. J., and MYRICK, J., concurred.