[No. 11115.   Department Two. — May 29, 1888.]

## A. C. DIGGINS, RESPONDENT, v. MORRIS BROWN ET AL., APPELLANTS.

STREET ASSESSMENT IN SAN FRANCISCO — APPORTIONMENT OF BURDEN. — The San Francisco street law does not provide that each lot in the district assessed shall pay for the work done in front of it.

ID. — DISTRICT ASSESSED. — Where the board of supervisors order "that plank sidewalks be constructed on Olive Avenue between Laguna and Buchanan streets where not already constructed, and that the roadway be macadamized where not already done," the district to be assessed is the block between the streets mentioned, subject to the provision of subdivision 10 of section 8 of the consolidation act as to work done on one side of the center line of the street.

ID. — OMISSION OF LOT FROM ASSESSMENT. — Where a lot within the district to be assessed and liable to assessment is omitted, the whole assessment is void.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to foreclose a street assessment for work done on a street in the city and county of San Francisco. The work was done under the act of April 1, 1872. The further facts are stated in the opinion.

*J. C. Bates*, and *Naphtaly, Friedenrich & Ackerman*, for Appellants.

*J. M. Wood*, for Respondent.

HAYNE, C. — Action to foreclose the lien of a street assessment. The only point made is, that the assessment shows upon its face that it was not made in accordance with the statute.

The order under which the work was done provides "that plank sidewalks be constructed on Olive Avenue, between Laguna and Buchanan streets where not already constructed, and that the roadway thereof be macadamized where not already done."

The diagram attached to the assessment is as follows:—

The items of the work, as shown by the assessment, are as follows:—

| | |
|---|---:|
| 3,937 5–10 square feet of macadam, at $0.10 | $393 75 |
| 375 front feet of sidewalks, at $1.15 | 431 25 |
| Printing, $18.90; engineering, $33 | 51 90 |
| Total | $876 90 |
| Number of front feet assessed | 375 |
| Rate per front foot | $2.3384 |

The distribution of the burden was as follows:—

| Nos. | Name of Owners. | Feet Front. | Amount. |
|---|---|---|---|
| 1 .......................... | Unknown. | 137½ | $321 53 |
| 2 .......................... | Unknown. | 137½ | 321 53 |
| 3 .......................... | Unknown. | 100 | 233 84 |
| Total ..................... | ..................... | ............ | $876 90 |

It thus appears that the lots designated as *a* and *b* upon the above diagram were not assessed at all, although they fronted on Olive Avenue between the streets mentioned.

In making the assessment in this way, the officer doubtless acted under what we conceive to be a mistaken construction of the provisions of the act of 1871–72, under which the proceedings were had. There are two provisions of that act which are relied upon by respondent as justifying the assessment, viz., subdivisions 10 and 1 of section 8. The former is as follows:—

"Subd. 10. When any work mentioned in section 3 of this act . . . . is done *on one side of the center line* of said street, . . . . the lots or portions of lots fronting *on that side only in front of which said work is done* shall be assessed to cover the expenses of said work," etc. (Laws 1871–72, p. 811.)

In view of this provision, the officer was justified in assessing the lots on one side of the street for the work done on that half of the street, and the lots on the other side for the work done on the other half. But this does not meet the difficulty, even if we assume in favor of the assessment (as we think should be done), that no work was, in fact, done on the half of the street in front of lots *a* and *b*. That is simply saying that they should not be assessed (and were not assessed), for work done on *the opposite* side of the street. But this is a different thing from saying that they should not be assessed for work done on *their own side* of the street. And the difficulty

here is, that the work done on one side of the street was not apportioned to all the lots on that side.

It appears from the assessment itself that this is the case. For it is certain that work was done on the side of the street upon which lot *b* is situated, because lot No. 3 on that side was assessed, and under subdivision 10 it could only have been assessed for work done on its side of the street; and it is equally certain that lot *b* on the same side was not assessed at all. And the same applies *mutatis mutandis* to lot *a* on the other side of the street.

The practical result of the course which the officer pursued is, that No. 3 (which is the one involved in this suit), was assessed for the work done in front of it, and that this burden was not shared by the adjoining lot on the same side (lot *b*), nor by the lot opposite (lot *a*).

This can only be justified upon the theory that the act requires each lot to be assessed for the portion of the work which was done upon the half of the street in front of it, and for no other work. And although the statement of respondent's position in this regard is somewhat vague, we understand him to go to this extent.

In support of his position the counsel refers us to subdivision 1 of section 8 of the act of 1871–72 (Laws 1871–72, p. 809–10), which is as follows:—

"Subd. 1. The expenses incurred for any work authorized by section 3 of this act shall be assessed upon the lots and lands *fronting thereon.*"

The words "fronting thereon," says the counsel, "refer to the work done. It requires the assessment to be imposed upon the lands fronting on the work."

It is not clear in what sense the counsel uses the word "work." But as above mentioned, the argument would not justify the assessment unless it goes to the extent stated. In order to save the assessment it is necessary to construe the provision so as to read substantially as follows:—

"Subd. 1. The expenses incurred *for any portion* of the

work authorized by section 3 of this act shall be assessed upon the lots and lands fronting *on such portion* of the work."

There is nothing in the language of the provision to indicate that such was the meaning of the legislature. The word "thereon" must refer to the phrase "any work authorized by section 3 of this act." And the natural meaning of the words used is, that the expense of the *whole* work shall be assessed (ratably) upon *all* the lands fronting on the work.

Nor is there anything in the nature of the proceedings to indicate a different construction. On the contrary, the method of assessing each lot for the work done in front of it has been condemned by high authority. (See Cooley on Taxation, 2d ed., p. 646, 647.)

It results that the assessment was improperly made; that it omits a lot which should have shared the burden with the one sought to be charged. Such being the case, the assessment is void. (*People* v. *Lynch*, 51 Cal. 19 and 20; 21 Am. Rep. 677.)

We therefore advise that the judgment and order denying a new trial be reversed, with directions to dismiss the action.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, with directions to dismiss the action.

Hearing in Bank denied.