[No. 14586.   Department One. — January 5, 1893.]

C. B. WILLIAMS, RESPONDENT, v. SAVINGS AND LOAN SOCIETY ET AL., APPELLANTS.

STREET ASSESSMENT — DAY'S WORK FOR LABORERS — VIOLATION OF CONTRACT — IMMATERIAL FINDING. — In an action to foreclose a lien for a street assessment for labor performed under a contract for the construction of a sewer, the fact that the employees of the street contractor worked ten hours for a day's work, while the contract provided that eight hours should constitute a legal day's work for all persons employed, is not material, or of the slightest concern to the owner of the lot assessed; and a judgment foreclosing the lien will not be reversed upon the ground that a finding that the contractor performed all the conditions of the contract is against the evidence in that respect.

ID. — GRADE OF MAN-HOLE IN SEWER — FINDING — CONFLICT OF EVIDENCE — ASSESSMENT — CERTIFICATE OF SURVEYOR. — Upon an issue as to whether the curb and top of a man-hole in the sewer contracted for were on the official grade of the street as contracted for, or eleven inches above the grade, a finding that it was upon the official grade is supported by proof of the assessment, which is some evidence that at its date the work had been performed according to the terms of the contract, and conflicting evidence of a certificate of the city surveyor, that at a previous date the man-hole was eleven and a quarter inches above grade, cannot justify a disturbance of the finding.   The contractor may have caused the man-hole to conform to the official grade before the assessment was issued.

ID. — LOCATION OF STREETS — IMPROVEMENT AT CROSSING — JUDICIAL NOTICE. — Courts will take judicial notice of the streets of San Francisco, of their relation to each other and their location, and that a crossing where an improvement was located necessarily forms a part of the public street.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood*, for Appellants.

*J. C. Bates*, for Respondent.

GAROUTTE, J. — Action to foreclose a street assessment, made for sewer-work done in the city and county of San Francisco, under the street law of 1885. The appeal is prosecuted from the judgment and order denying a new trial. No demurrer was interposed to the complaint, and the judgment is supported by its allegations.

The contract provided that eight hours should constitute a legal day's work for all persons employed. The contractor testified that the laborers worked ten hours for a day's work. The court found that the contractor performed all the conditions of the contract. It is now insisted that a new trial should be ordered, because the finding is contrary to the evidence. There is no merit in the appellants' position. If the finding had been in line with the evidence, the judgment would still have been the same. It is not a matter of the slightest concern to appellants as to the terms upon which the employees labored. (*United States* v. *Martin*, 94 U. S. 403.)

One of the defenses to the action is, that the work for which the assessment was issued had not been performed according to the terms of the contract. The contract provided that when the man-hole was completed, "the top of the copings must be upon the official grade of the street"; and the defendant averred in its answer that "the curb and top of the man-hole were more than eleven inches above the official grade." In support of this averment, it read in evidence the certificate of the city surveyor, given May 16, 1888, from which it appeared that at that date the curb of the man-hole was

eleven and a quarter inches above grade, but the assessment which was issued July 3, 1888, was some evidence that at that date the work had been performed according to the terms of the contract, and upon this conflict of evidence the finding of the court that the averment in the answer is untrue cannot be disturbed. The contractor may have caused the man-hole to conform to the official grade before the assessment was issued.

This work was done at the crossing of Pacific Avenue and Pierce Street, and it is contended that the finding that this crossing was an open public street is not supported by the evidence. The board of supervisors of the city and county of San Francisco attempted by resolution to establish Pacific Avenue, said avenue being formed from a portion of Pacific Street, a public street of said city and county. It is now claimed that said resolution is void by reason of uncertainty in the location of the boundaries of the proposed avenue. It is conceded by counsel that the resolution of the board does indicate that Pacific Avenue was to be formed from some portion, at least, of Pacific Street. And it was held in *Brady* v. *Page*, 59 Cal. 52, that courts take judicial notice of the streets of San Francisco, of their relation to each other, and their location. By reason of this fact, we know that Pierce Street could only intersect Pacific Street at one point, and that point of intersection would necessarily form the crossing where the improvement here involved is located, and that crossing would necessarily form a part of the public street. We find nothing further in the record demanding our attention.

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.