# DOWLING v. ALTSCHUL.

## No. 14,978; June 13, 1893.

### 33 Pac. 495.

**Street Assessment—Appeal to City Council.**—Act of March 18, 1885, page 147, section 11, provides for an appeal to the city council from an act or determination of the superintendent of streets as to the legality of any assessment; that on such appeal the city council may "confirm, amend, set aside, alter, modify, or correct" the assessment, as it may deem just; that all decisions of the council shall be conclusive, on all persons entitled to such an appeal, as to all errors and irregularities which the council might have remedied. Held, that an appeal on the ground that an assessment for paving a cul-de-sac failed to assess the land at the end of the same presented a question which the city council had power to determine, and therefore their decision was conclusive.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by J. J. Dowling against L. Altschul to enforce a street assessment. Judgment for defendant. Plaintiff appeals. Reversed.

J. C. Bates for appellant; Sullivan & Sullivan for respondent.

VANCLIEF, C.—Action to enforce a street assessment in the city of San Francisco, in which the judgment was in favor of the defendant. The plaintiff brings this appeal from the judgment on the judgment-roll, in which there is no bill of exceptions, and contends that upon the findings of fact the judgment should have been in favor of the plaintiff. There is no question that the plaintiff entered into a valid contract with the superintendent of streets to construct sidewalks and curbing, and to pave the roadway throughout the entire length of Clarence place, which is a cul-de-sac thirty-five feet in width, extending northwesterly from Townsend

street a distance of four hundred twelve and one-half feet, as
shown by the following diagram:

DIAGRAM.'

The black figures on the diagram represent feet, and the
red (which are large) designate the numbers of lots assessed.
The land adjoining the northwesterly end of Clarence place
was not assessed; and for this reason alone the defendant,
who owns lot No. 3, contends that the assessment is not equal
or uniform, and is therefore void, and so the trial court ex-
pressly found, as a conclusion of law.   It is found as a fact
that the defendant duly appealed from the assessment to the
board of supervisors, and that the board affirmed the assess-
ment; and counsel for appellant contends that under section
11 of the act of March 18, 1885 (page 147), such appeal was
respondent's only remedy, and that the affirmance of the
assessment by the board of supervisors is conclusive.   And,
as I think this point should be sustained, it will be unneces-
sary to consider whether the decision of the supervisors was
erroneous or not.   Section 11 of the act above cited provides
for an appeal to the city council from any act or determina-
tion of the superintendent of streets as to the correctness or
legality of any assessment, and that ''upon such appeal the
city council . . . . may confirm, amend, set aside, alter,
modify or correct the assessment in such manner as to them

shall seem just, . . . . and may instruct and direct the superintendent of streets to correct the warrant, assessment, or diagram in any particular, or to make and issue a new warrant, assessment, and diagram. . . . . All the decisions and determinations of the city council . . . . shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities, and irregularities which said city council might have remedied or avoided; and no assessment shall be held invalid, except upon appeal to the city council as provided in this section, for any error, informality, or other defect . . . . in the assessment, when notice of the intention of the city council to order the work to be done has been actually published in any designated newspaper in said city for the length of time prescribed by law before the passage of the resolution ordering the work to be done." In this case it is found that the notice mentioned in the last clause of the above quotation was duly published, and that all the proceedings up to the time the assessment was levied were regular, and it is also clear that the error in the assessment, if error it was, might have been remedied or avoided by the city council on the appeal. The assessment upon defendant's lot was not so totally void that it could not have been amended by order of the city council. It was founded upon a valid contract for work that had been completed according to the contract, and for which defendant's whole lot was assessable, and was made by an officer (superintendent of streets) having plenary power to make it. In consequence of the alleged error, defendant's lot was assessed for $490.30, when it should have been assessed at only about $470. If such an error cannot be corrected on appeal to the city council, I think no substantial error in an assessment can be so corrected, and that it must follow that section 11 of the act of March 18, 1885, so far as it purports to authorize the city council on appeal to amend, alter, modify, or correct an assessment, is wholly ineffectual.

To the point that the error could not have been corrected on appeal, and, therefore, that defendant is not concluded by the decision of the board of supervisors, counsel for respondents cite People v. Lynch, 51 Cal. 15, 21 Am. Rep. 677, Dyer v. Harrison, 63 Cal. 448, and Diggins v. Brown, 76 Cal. 318, 18 Pac. 373. But in none of these cases does it appear that

any question as to the effect of the failure to appeal, or of a decision on appeal, was raised or expressly decided. Nor does it appear that any such question possibly could have been involved in the leading case (People v. Lynch), which arose in Sacramento city, and was governed by the charter of that city, in which I find no provision analogous to section 11 of the general act of March 18, 1885. While I find no case construing section 11 of the act of 1885, or any other similar statute, which sustains the position of respondent's counsel, I think the following late cases, and many earlier ones, are in point for the appellant: Frick v. Morford, 87 Cal. 576, 25 Pac. 764; Perine v. Forbush, 97 Cal. 305, 32 Pac. 226. I think the judgment should be reversed, and the lower court directed to render judgment for the plaintiff on the findings of fact.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reason given in the foregoing opinion the judgment is reversed and the lower court is directed to render judgment for the plaintiff on the findings of fact.

HARRISON, J.—I concur in the judgment for the reason that in my opinion the assessment was correct. The provision in the statute that the assessment shall be made upon the lots and lands fronting upon the work must be construed as referring to the lots which front laterally upon the street, and not as including one which abuts upon the bottom of a court or a cul-de-sac. I am not prepared to say, however, that the act of the board of supervisors, confirming an assessment which is made in manifest violation of the provisions of the statute, concludes the owner from making such defense in an action to enforce the assessment.