111  347
113  366

111  347
135  181
135  215

111  347
144  378

[S. F. No. 240.   Department One.—February 25, 1896.]

A. E. BUCKMAN, RESPONDENT, *v.* JOHN LANDERS ET AL., APPELLANTS.

ACTION UPON STREET ASSESSMENT—FINDING—PUBLIC STREET.—In an action upon a street assessment, where a finding that the street upon which the work was done is a public street is not specified in the statement as unsupported by the evidence, the finding must be accepted as correct upon appeal.

ID.—DEMAND MADE UPON LOT—PRIMA FACIE EVIDENCE—SUPPORT OF FINDING—WANT OF PERSONAL DEMAND.—The warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment, are *prima facie* evidence, sufficient to support a finding of the court, that the agent of the plaintiff went upon the lot assessed, and while there publicly demanded payment of the assessment; and evidence that no personal demand was made upon the defendants does not impair the statement of the affidavit that the demand was made upon the lot.

ID.—ERROR IN ASSESSMENT—OMISSION OF LOTS—APPEAL.—The omission from the assessment of a lot fronting on the street upon which the work was done does not render the assessment void upon its face; and any error in not including lots which should bear a part of the expenses can be corrected upon appeal to the board of supervisors; and a failure so to appeal deprives the property owners of a right to object to the omission in an action to foreclose the assessment against them.

ID.—COMPLETION OF CONTRACT—ASSESSMENT—PRIMA FACIE EVIDENCE—CERTIFICATE OF ENGINEER.—The assessment is *prima facie* evidence that the contractor fulfilled his contract; and the *prima facie* character of this evidence is not overcome by the certificate of the city engineer that the grading was not done to the official line and grade.

ID.—EXTENSION OF TIME—PRIMA FACIE EVIDENCE OF REGULARITY—INDORSEMENT OF EXTENSIONS—EXPIRATION OF TIME FIXED.—Where the record shows that the work was completed within the time fixed for its completion by the superintendent of streets, and the subsequent extension thereof authorized by the board of supervisors, the warrant, assessment, and diagram are *prima facie* evidence of the regularity and correctness of his acts in indorsing the extension upon the contract; nor is it requisite that he should indorse an extension upon the contract before the expiration of the time originally fixed therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. D. J. MURPHY, Judge.

The facts are stated in the opinion of the court. The certificate of the engineer therein referred to was to the effect that the grading had not been done to the official line and grade.

*Smith & Murasky*, for Appellants.

*William H. Chapman,* and *Eddy Knapp,* for Respondent.

The court decided that Army street is properly laid out on the diagram annexed to the assessment—that the street between York street and California avenue is properly called Army street, and the evidence being at least conflicting, this court will not interfere with the finding. ( *Williams* v. *Savings etc. Soc.,* 97 Cal. 122.) The papers introduced prove the demand. (*Dyer* v. *Brogan,* 57 Cal. 234; *Deady* v. *Townsend,* 57 Cal. 298.) That the certificates of the city engineer show the work incomplete is of no force, since the assessment is evidence that the work was properly done. ( *Williams* v. *Savings etc. Soc., supra; Warren* v. *Riddell,* 106 Cal. 352 ) The acceptance by the superintendent is conclusive, even though the work was done to a grade not the proper or official grade. (*McVerry* v. *Boyd,* 89 Cal. 304, 310; *Jennings* v. *Le Breton,* 80 Cal. 8.) The superintendent is intrusted with the duty of apportioning the burden of the cost of the work. (*McVerry* v. *Boyd, supra.*) The defendant, if dissatisfied with the assessment, should have appealed to the board of supervisors, as provided by section 12 of the act in question. Having failed to do so, he cannot now complain of any matters from which he could have obtained relief by applying at the proper time to the proper authorities. (*Hewes* v. *Reis,* 40 Cal. 264; *Himmelmann* v. *Hoadley,* 44 Cal. 279; *Dorland* v. *McGlynn,* 47 Cal. 51; *Boyle* v. *Hitchcock,* 66 Cal. 129; *Blair* v. *Luning,* 76 Cal. 135; *Jennings* v. *Le Breton, supra.*) The question of benefits and injuries does not enter into the case.

(*Whiting* v. *Townsend*, 57 Cal. 515.) If too large a proportion has been laid upon defendants (appellants) or their lot, they should have appealed, and, not having done so, they have no remedy. (*McDonald* v. *Conniff*, 99 Cal. 386; *Warren* v. *Riddell*, *supra*; *Dowling* v. *Conniff*, 103 Cal. 75; *Perine* v. *Forbush*, 97 Cal. 305.) If the lot fronts on Army street as defendant's deed and the maps and diagram say it does, an appeal was the only remedy for the alleged acts and omissions complained of. (*McDonald* v. *Conniff*, *supra*; *Perine* v. *Forbush*, *supra*.)

HARRISON, J.—Action upon a street assessment in San Francisco. The finding of the court that Army street, upon which the work in question was done, is a public street is not specified in the statement as unsupported by the evidence, and the finding must therefore be accepted as correct.

Section 12 of the street law (Stats. 1889, p. 168) declares: "The warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment, shall be held *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of the plaintiff to recover in the action." In the absence of any other evidence, the *prima facie* character of this evidence was sufficient to sustain the finding of the court that the agent of the plaintiff went upon the lot assessed, and, while there, publicly demanded payment of the assessment. (*Himmelmann* v. *Hoadley*, 44 Cal. 213; *Dyer* v. *Brogan*, 57 Cal. 234.) The testimony that no personal demand was made upon the defendants did not impair the statement in the affidavit that demand was made upon the lot.

An appeal from the assessment that had been originally made for the work by the superintendent of streets was sustained by the board of supervisors, and the assess-

ment set aside; and the assessment upon which the present action was brought was thereafter made by the superintendent in accordance with the directions of the board of supervisors. It is now contended by the appellants that this assessment is invalid, for the reason that certain lots which should bear a portion of the expense of the work are not included therein. The appellants herein could, however, have appealed from this assessment, and could have had the error, if it was such, corrected upon such appeal by the board of supervisors. (*People* v. *O'Neil*, 51 Cal. 91.) Their failure to so appeal deprives them of the right to assign such error in an action to enforce the assessment. The mere omission from the assessment of one of the lots fronting upon the street does not of itself render the assessment void upon its face. (*McDonald* v. *Conniff*, 99 Cal. 386; *Dowling* v. *Conniff*, 103 Cal. 75; *Warren* v. *Riddell*, 106 Cal. 352.)

The assessment was *prima facie* evidence that the contractor had fulfilled his contract to the satisfaction of the superintendent of streets, and, in the absence of any other evidence, the court was authorized to find in accordance therewith. The *prima facie* character of this evidence was not overcome by the certificate of the engineer. (*Williams* v. *Savings etc. Soc.*, 97 Cal. 122.)

The record shows that the work was completed within the time fixed for its completion by the superintendent of streets and the subsequent extensions thereof authorized by the board of supervisors. It does not appear at what time the superintendent indorsed these extensions upon the contract, and the *prima facie* character of the documentary evidence introduced includes the "regularity and correctness" of his acts. It was not requisite that he should indorse an extension upon the contract before the expiration of the time originally fixed therein. (*McVerry* v. *Boyd*, 89 Cal. 304; *Ede* v. *Knight*, 93 Cal. 159.)

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.