[S. F. No. 72.    Department Two.—July 18, 1896.]

## EDWARD KENNY ET AL., APPELLANTS, v. JOSEPH P. KELLY ET AL., RESPONDENTS.

STREET ASSESSMENT —WORK AT INTERSECTION OF STREET—VOID DOUBLE ASSESSMENT—APPEAL.—Where lots at the intersection of streets are assessed for double the amount legally chargeable thereon for work done at the intersection, which is assessed and apportioned separately from that done on the main street, such double assessment is illegal and void, and the owners of the lots may resist the enforcement of such assessment thereon as void upon its face, without appealing to the city council for correction of the assessment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*J. C. Bates,* for Appellant.

Section 11 of the general street law is plain and explicit that the owner's sole remedy for all errors not of a jurisdictional nature is by appeal, and unless so taken, no defense in an action on the assessment.    (*Ede* v. *Knight,* 93 Cal. 162; *Rollins* v. *Wright,* 93 Cal. 397; *McDonald* v. *Conniff,* 99 Cal. 386; *Dowling* v. *Conniff,* 103 Cal. 75; *McSherry* v. *Wood,* 102 Cal. 647; *Warren* v. *Riddell,* 106 Cal. 352; *Blair* v. *Luning,* 76 Cal. 134; *McVerry* v. *Boyd,* 89 Cal. 304, 310; *Fanning* v. *Leviston,* 93 Cal. 188 ; *Himmelmann* v. *Hoadley,* 44 Cal. 279; *Perine* v. *Forbush,* 97 Cal. 311.)

*Joseph P. Kelly*, Respondent *in pro. per.*, and for Respondent Annie A. Kelly.

The assessment upon its face shows that the defendants' property was charged with double what the law authorized and directed, and hence they were not obliged to take an appeal to the board of supervisors, the assessment being absolutely void. (*Ryan* v. *Altschul,* 103 Cal. 174.)

BRITT, C.—Action to enforce an assessment against certain lots of land, for work done in the improvement of D street, in the city and county of San Francisco. Twenty-fourth avenue in said city terminates in said D street, and the lots in question, having a frontage on said avenue, were assessable for the expense of the work done on the intersection of the two streets, according to the rule prescribed by subdivision 4 of section 7 of the act to provide for work upon streets, etc., as amended. (Stats. 1891, p. 202.) This allows only one-half of the expense of the work on the intersection to be charged upon the two quarter-blocks cornering thereon; the court found, however, that the whole expense of the work done on the intersection was, in this instance, assessed upon such two quarter-blocks, one of which included the lots of defendants; and that the lots were thus assessed for double the amount legally chargeable thereon; also that the work done on intersections was assessed and apportioned separately from that done on the main street. The assessment upon said lots for the work on the intersection was held to be void, and defendants had judgment.

Appellants contend that the illegal assessment found by the court is no defense to this action; that the owners should have had the same corrected by appeal to the board of supervisors, as provided in section 11 of the act. But if the form of the assessment followed the statute, (Stats. 1891, sec. 8), it must have appeared on the face thereof that the lots of defendants could not, under any circumstances, be liable for a portion

of the expense assessed against them ; counsel does not claim, indeed, that the illegality was not thus apparent. The case, then, is within the principle, several times declared or assumed, that the owner may, without appealing to the city council, resist the enforcement of an assessment void on its face. (*Ryan* v. *Altschul*, 103 Cal. 174; *Buckman* v. *Landers*, 111 Cal. 347; *McDonald* v. *Conniff*, 99 Cal 386, 390.) The judgment should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.