[Civ. No. 170.   First Appellate District.—March 13, 1906.]

JAMES J. FLINN et al., Respondents, v. MARIA PETERS et al., Appellants.

STREET ASSESSMENT—CONTRACTS PROVIDING FOR MAXIMUM HOURS OF LABOR AND MINIMUM WAGES—ASSESSMENT.—The inclusion in a contract for a street improvement of a provision fixing the maximum hours of labor, and the minimum wages of laborers employed by the contractor, does not invalidate the assessment for the work, if all other matters in regard to the assessment are regular, and the contract was let to the lowest bidder, and neither the specifications for the work nor the notices for bids contained any statement intimating that the contract should contain such provision.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Otto tum Suden, for Appellants.

D. H. Whittemore, for Respondents.

COOPER, J.—Action to foreclose a street assessment lien. Defendants filed a demurrer to the complaint, which was overruled, and judgment entered for plaintiff as prayed. This appeal is from the judgment, and the sole contention of appellants is that the alleged contract is void, because of the following allegation in the complaint: "That said contract also provided that in the performance of the same eight hours should be the maximum hours of labor on any calendar day, and that the minimum wages of laborers employed by

said contractors in the execution of said contract should be $2 per day.''

It is argued that the above provision was placed in the contract because of that portion of section 1 of chapter 3 of article 2 of the charter, which provides: ''Every contract for work to be performed for the city must provide that in the performance of the contract eight hours shall be the maximum hours of labor on any calendar day, and that the minimum wages of laborers employed by the contractor in the execution of this contract shall be two dollars a day. Any contract for work to be performed for the city and county which does not comply with the provisions of this section shall be null and void,'' and that such provision of the charter is unconstitutional, for the reason that it deprives parties of the free right to contract as to wages and the hours which shall constitute a day's work. But if it be conceded for the purposes of this case that the contract was for work to be performed for the city and county, and that the provision of the charter is unconstitutional and void, we think the complaint states facts sufficient to constitute a cause of action against these defendants. It is alleged in the complaint that the resolution of intention, the publication of the notice, the description of the work to be performed, the plans and specifications, the posting of notices, and all other matters in regard to the assessment, were regular. There is nothing to show that the specifications or the notices for bids contained any statement that the person to whom the contract should be let would be required to make a contract with the objectionable clause as to hours of labor and as to minimum wages therein. The plaintiffs were the lowest bidders for the contemplated street improvements. No objection was made in any way to the board of public works or to the board of supervisors, as to regularity of the notices or specifications. The contract having been thus regularly let to the lowest bidder, it was no concern of the defendants as to any provision of the contract solely affecting the cost of the improvements to the contractor. It is not a matter of concern to the defendants as to the wages paid by the contractor, and the number of hours the laborers should work per day. (*Williams* v. *Savings etc. Soc.,* 97 Cal. 122, [31 Pac. 908]; *United States* v. *Martin,* 94 U. S. 400.)

The case of *Brown* v. *Jenks*, 98 Cal. 10, [32 Pac. 701], does not support the defendant's theory. In that case the specifications required the contractor to give a bond with two sureties, conditioned for keeping the streets so improved in thorough repair for five years. It is evident that no one could afford to take a contract with such provision in it for as small a sum as he could without it. As the city council had no authority to require any such future contract for keeping the streets in repair by the person to whom the contract was let, the burden of the property owner was increased by such requirement. Here there is no additional burden cast upon the property owner. There is nothing tending to show that the call for bids stated that the contract should contain any provision as to the hours of labor or the wages to be paid to laborers. There is nothing to show that the board of public works required any such provision to be inserted in the contract. The provision, for aught that appears, may have been voluntarily inserted by the contractor.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.