[Civ. No. 242.   First Appellate District.—January 3, 1910.]

## PACIFIC PAVING COMPANY, a Corporation, Appellant, v. PETER VERSO et al., Respondents.

STREET ASSESSMENT—PROPER RESOLUTION OF INTENTION—JURISDICTION.—The resolution of intention to make a street improvement in due form and properly adopted is the foundation and basis upon which all further proceedings must stand, and is the essential thing which clothes the city authorities with jurisdiction to proceed with the proposed improvements. If no resolution of intention was passed substantially as required by statute, there was no power in the municipal authorities to let the contract, issue the assessment, or to take any other of the various steps by which a valid lien could be created upon the adjoining lots.

ID.—RESOLUTION LIMITING WORK TO INTERSECTION OF THREE STREETS—INSIGNIFICANT AREA—PRINCIPAL WORK DONE ELSEWHERE—DIAGRAM AND PLAT.—Where the resolution of intention limited the work to the intersection of three streets, which was confined to a few square feet, wholly insignificant as compared with the total area of work done elsewhere, as shown by the diagram and plat annexed to the assessment, the assessment is unsupported.

ID.—JUDICIAL NOTICE—STREETS AND BOUNDARIES—RELATION.—The court was authorized to take judicial notice of the streets and their boundaries, and of their relation to each other.

ID.—LIMITS OF DISTRICT IMPROVED—PLACE OF WORK—DEFINITION AND DESCRIPTION ESSENTIAL.—The resolution of intention must describe the work to be done, and define the limits of the district in which it is to be done with reasonable certainty, so that a person of ordinary understanding would know what it is proposed to do. The place or places upon which the work is to be done must be described as contemplated in section 2 of the Vrooman act.

ID.—IMPROPER ASSESSMENT.—An assessment for a street improvement cannot be properly made on lots situated only on one side thereof; nor can lots be assessed for improvements which the board had **no**

power to assess under any circumstances, nor can lots be assessed which do not join or quarter upon the proposed improvement.

ID.—VOID ASSESSMENT—APPEAL NOT REQUIRED.—Where an assessment for a street improvement is unlawfully made, or is assessed in a manner contrary to law, it is void upon its face, and the owners of the assessed lots are not required, in such case, to appeal to the city council for its correction, but may rely upon its invalidity when it is attempted to enforce it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

R. K. Barrows, for Appellant.

Alexander D. Keyes, for Respondents.

COOPER, P. J.—This action was brought to recover separate assessments against the several defendants, fifteen in number, on a street assessment for paving and curbing "the intersection of San Jose avenue, 28th and Guerrero streets," in the city and county of San Francisco.

The court made findings, upon which judgment was ordered and entered in favor of each of the defendants. The plaintiff made a motion for a new trial, which was denied, and this appeal is from the judgment and order.

The contract was entered into and all the preliminary proceedings taken under the act of 1885 (Stats. 1885, p. 147), commonly called the Vrooman act, but the work was not completed, nor was the assessment issued, until the charter of San Francisco became effective. The act provides (section 3) that "Before ordering any work done or improvement made which is authorized by section 2 of this act, the city council shall pass a resolution of intention so to do and describing the work. . . ."

The resolution of intention in due form and properly adopted is the foundation and basis upon which all further proceedings must stand. It is the essential thing which clothes the city authorities with jurisdiction to proceed with the proposed improvements. The very meaning of the word "jurisdiction" is power to hear and determine; and if no

resolution of intention was passed substantially as required by the statute, there was no power in the municipal authorities to let the contract, issue the assessment or to take any other of the various steps by which a valid lien could be created upon the adjoining lots.

In order that what is said here may be understood, the following diagram is inserted, which shows the location of the land assessed and the place where the work was done:

The court found that the board of supervisors passed a resolution as follows: "Resolved, that it is the intention of

the board to order the following street work in the city and county of San Francisco: that granite curbs be laid where not already laid on the intersection of San Jose avenue, 28th and Guerrero streets, and that the roadway of said intersection be paved with bituminous rock except that portion required by law to be kept in order by the railroad company having tracks thereon''; and further that this resolution was followed by a resolution, ordering the work to be done, as follows: ''That granite curbs be laid where not already laid on the intersection of San Jose avenue, 28th and Guerrero streets, and that the roadway of said intersection be paved with bituminous rock except that portion required by law to be kept in order by the railroad company having tracks thereon.''

The court further found that ''At all of the times in the complaint mentioned the roadway of San Jose avenue, 28th street and Guerrero street, and of the whole thereof, were, and each and every part of it was, an open public street, and duly dedicated to public use, and the width and grade thereof officially established as by law in such cases made and provided. That San Jose avenue, 28th street and Guerrero street do not intersect; that there is no such place as the intersection of San Jose avenue, 28th street and Guerrero street in the city and county of San Francisco.''

It is claimed that the latter finding is not supported by the evidence. The diagram and plat which were annexed to the assesment, and which appear to have been used on the trial, show the relative position of the improvement and the streets; and not only this, but the court had a right to take judicial notice of the streets, of their boundaries and of their relation to each other. (*Brady* v. *Page,* 59 Cal. 52; *Williams* v. *Savings & Loan Soc.,* 97 Cal. 122, [31 Pac. 908] ; *Labs* v. *Cooper,* 107 Cal. 657, [40 Pac. 1042].) The act requires that the notice of intention shall describe the work, and the courts so hold. (*Richardson* v. *Heydenfeldt,* 46 Cal. 68; *Fay* v. *Reed,* 128 Cal. 357, [60 Pac. 927] ; *Bay Rock Co.* v. *Bell,* 133 Cal. 150, [65 Pac. 299] ; *Piedmont Paving Co.* v. *Allman,* 136 Cal. 88, [68 Pac. 493] ; *Treanor* v. *Houghton,* 103 Cal. 53, [36 Pac. 1081].) In the latter case it is said: ''The range of the district to be included within a single improvement, and the character of the work to be performed therein within the specifications of the statute, is left to the judgment of the

board. The resolution of intention must, however, define alike the limits of the district and the nature of the work to be done.'' Here the limits of the district were not defined or described. The only reference was to the intersection of the three streets. If we employ the word ''intersection'' in its broadest sense and meaning, as being the place where the three streets cross each other, or that part of the street that is common to and a part of each of the three streets, there appears from the diagram to be only a small triangle included within the three streets, that is a small triangle north of the southerly line of 28th street extended, west of the easterly line of Guerrero street extended, and east of the westerly line of San Jose avenue, and that is a part of each of the three streets. In one sense this small triangle is where the three streets intersect or cross each other, but the area is apparently only a few square feet and a very small part of the surface of the street upon which the work was done. If the resolution of intention described this small triangle, it certainly could not be held to include a description of all that part of the street included within the exterior limits of the crossing of Guerrero and 28th streets, and of all that part of the street within the exterior limits of the crossing of 28th street and San Jose avenue, nor of that part of the street included within the exterior lines of the crossing of Guerrero street and San Jose avenue, nor of all that territory which is clearly only a part of San Jose avenue and no part of either Guerrero or 28th streets. A part of the street upon which the paving was done was San Jose avenue and not common to either of the other streets. Now, if upon the most liberal rule we called the portion of the street which is a part of each of the three streets named the intersection of those streets, we have no resolution of intention to pave any other part of the street which was paved. If we can hold that such description includes all the parts of the streets which were paved and curbed by the plaintiff, upon the same principle we could hold that the resolution of intention described all the work if it had extended for blocks along San Jose avenue, and for blocks along 28th street and for blocks along Guerrero street. We think the limits of the district must be defined at least to a common certainty so that a person of ordinary understanding would know what it is proposed to do. The

plaintiff, in putting in its bid, does not appear to have had clearly in mind the amount of work called for by the resolution of intention, and to have understood that it included a much less area than that upon which the work was done, as it computed the total cost of the work by the lineal foot for curbing, and by the square foot for paving, at $650, and so stated in its bid. After it put in its bid and gave its bond for $650, it completed the work, and the city engineer computed the amount at $3,164.08, nearly five times the amount which the plaintiff evidently had in mind when it stated or computed that the total cost would be $650.

The finding is therefore supported by the evidence as applied to all the work except a small fraction which is insignificant as compared with the total area. It is plain beyond controversy that the resolution of intention did not describe any place where the work was to be done other than the small triangle or intersection of the three streets.

In *Partridge* v. *Lucas*, 99 Cal. 519, [33 Pac. 1082], it was held that the board did not have jurisdiction to make other improvements than those described in the resolution of intention. The court said: "It is plain that the work described in the resolution of intention did not include the construction of rock gutterways in the street to be macadamized. Therefore the board of trustees did not, under the rule above stated, acquire jurisdiction to contract for such gutterways, and the contract as to these is void."

In *San Jose I. Co.* v. *Auzerais*, 106 Cal. 498, [39 Pac. 859], it was held that where the resolution of intention described the proposed improvements as "granite or artificial stone curbing," it gave the board no jurisdiction, for the reason that the work was not described. The court there said, in speaking of the resolution of intention: "By this statute the legislature has required the city council to determine the character and extent of any improvement that is to be made upon the public streets; but in the present case that body, instead of itself determining this matter, has not even designated the officer or person by whom the character of the improvement shall be determined."

It appears to be equally important that the place or places upon which the work is to be done should be described. In fact, the language of section 2 of the Vrooman act that the

city council may "order the whole or any portion either in length or in width of the streets . . . " to be graded or paved, contemplates that the resolution of intention and the order shall designate the portion or portions of the streets to be improved.

The engineer's certificate divided the locality where the paving was done into three separate parts or descriptions as follows: First, 255 square feet on the north half of 28th street between San Jose avenue and Guerrero street; second, 4,156 square feet on the south half of San Jose avenue; third, 9,037 square feet on the remainder of the crossing. The court found that all the paving had taken place at the following places: First, on San Jose avenue south of the northerly line of 28th street extended easterly; second, on 28th street between Guerrero street and San Jose avenue; third, on Guerrero street south of the southerly line of 28th street and northwest of San Jose avenue; fourth, on the crossing or intersection of 28th and Guerrero streets.

In the assessment the work done on the third area last above mentioned is described as follows: All work except that done on the east side of San Jose avenue and on 28th street between Guerrero street and San Jose avenue, and was assessed entirely upon the land fronting on 28th and Guerrero streets. Under the plain provisions of the charter (Stats. 1899, c. 2, sec. 8, p. 297), the assessment should have been upon lots 1 to 18, being all the lots fronting on the quarter blocks and irregular blocks cornering on the intersection. For the work done on the small triangle common to 28th street, Guerrero street and San Jose avenue, as described in the resolution of intention, it is difficult to say as to how the assessment should have been made, as this particular triangle is bounded entirely by San Jose avenue, Guerrero and 28th streets, and there does not appear to be any blocks adjoining or quartering upon it, unless we speak of the blocks on the opposite sides of the streets as adjoining or quartering upon it.

It is the settled rule that in such case the assessment is void on its face, and the owners of the assessed lots do not have to appeal to the city council for the correction of the assessment. (*Ryan* v. *Altschul*, 103 Cal. 174, [37 Pac. 339]; *Kenny* v. *Kelly*, 113 Cal. 364, [45 Pac. 699]; *Diggins* v.

*Brown,* 76 Cal. 318, [18 Pac. 373]; *San Diego Investment Co.* v. *Shaw,* 129 Cal. 273, [61 Pac. 1082].) In the latter case it is said: ''Defendant was the owner of one of the lots on the east side, and the assessment against his lot was $51.22, being the amount with which it is sought to charge the lot in this action. Whether or not the judgment is correct depends upon the validity of the assessment so made. The city authorities have no power to assess the entire cost of grading the street on the lots on one side thereof. . . . ''

The authority to levy the assessment in this case in the manner in which it was levied is not found in the statute. Subdivision 1 of section 7 of the act expressly declares that the expenses incurred for any work authorized by the act shall be assessed upon the lots and lands fronting thereon, except as otherwise specifically provided. The cases cited by appellant are cases in which the assessment was not correctly apportioned and distributed, or where certain lands were improperly left out. In such case the owners of the lots that are properly assessed for at least a part of the work must appeal to the board of supervisors and have the assessment corrected, or they will not be heard to complain; but such is not this case. Here many of the lots were assessed for improvements for which the board had no power to assess them under any circumstances. As before stated, it has been many times held that if an assessment is void, the owner need not appeal to the board, but may rely upon such fact when it is attempted to enforce the assessment.

It is not necessary to decide the other questions discussed by counsel, as the points which we have decided dispose of the case.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.